This is a workmen's compensation case. The trial court found the issues in favor of the employer. The employee appeals and we affirm.
The dispositive issues raised by the employee are: 1. Whether the trial court failed to comply with Tit. 26, § 304 [now, Code of Ala. 1975, § 25-5-88] in that the trial court did not make a "sufficient statement of the facts and conclusions of law. . . ."
2. Whether the trial court erred in refusing to find the employer liable for certain medical expenses. The trial court's action in this regard was bottomed on the premise that Tit. 26, § 293 [Code of Ala. 1975, § 25-5-77], was not complied with by the employee. We find the trial court did not err in either instance and affirm.
 I
The trial court's "findings" and conclusions are as follows:
"JUDGMENT
 "The matters before the Court are the Plaintiff's complaint wherein he claims benefits under the Workmen's Compensation laws of this state; the answer of Defendant presenting its defenses; stipulations of facts entered into by the parties *Page 1031 
in open Court; testimony of witnesses for Plaintiff and Defendant heard orally by the Court on March 21, 1977; and depositions of Dr. J.C. Serrato, Jr., Dr. William B. Hanson, Dr. William I. Silvernail, Jr. and Dr. Furnie W. Johnston. Upon hearing the testimony of the said witnesses and having read and considered the above mentioned depositions, the Court finds that the Plaintiff, J.W. Condry, was employed by the Defendant on January 27, 1976, and was working within the line and scope of his employment for Defendant at its place of business in Houston County, Alabama, on that date, when he was involved in an accident which resulted in an injury to him. The Plaintiff was earning an average weekly wage of $100.00 at the time this injury was sustained. The Plaintiff was referred to Dr. William Hanson and his condition was diagnosed as a lumbar strain. Plaintiff was treated on a regular basis by Dr. Hanson until April 14, 1976, at which time he was told to return to work, which he failed or refused to do. Subsequently Plaintiff saw Dr. Hanson on three different occasions and Dr. Furnie Johnston on one occasion. The visits to Dr. Serrato were without the authorization of the Defendant. Based upon this medical testimony, the Court finds that the Plaintiff J.W. Condry, suffered a temporary total disability, to-wit: a lumbar strain for a period of eleven weeks and two days (from January 27, 1976, through April 14, 1976) for which he has been compensated by Defendant in accordance with the law. Further, the Court finds that all Plaintiff's medical expenses in connection with this temporary total disability have been paid in full by the Defendant. The Court finds that the Plaintiff suffered no permanent disability as a result of the accident on January 27, 1976, and is due no further compensation from Defendant under the law of this state, nor is the Defendant liable for the medical charges of Dr. J.C. Serrato, Jr. of Columbus, Georgia, or the Cobb Memorial Hospital in Phenix City, Alabama. It is therefore,
 "ORDERED, ADJUDGED AND DECREED BY THE COURT that the relief sought by Plaintiff in his complaint be, and the same is hereby, denied. Plaintiff's complaint is dismissed. The costs are hereby taxed against Plaintiff, for which execution may issue.
"THIS the 24th day of March, 1977."
We find the above to be in substantial compliance with § 304 so far as making the required findings of fact and conclusions of law. We cannot distinguish the above with those "findings" and conclusions that we approved in Lingo v. Dixie Veneer Co., Ala.Civ.App., 349 So.2d 591 (1977).
We would be remiss in not commenting that while no specific issue is raised as to whether the evidence supports the above "findings" and "conclusions," this court has carefully reviewed the record with this in mind. While a different conclusion could have been reached by the learned trial judge, there is evidence to support the conclusion that the employee suffered no permanent disability as a result of the job related accident.
 II
The record reveals that the employee obtained medical treatment from several physicians provided for by the employer. Apparently, becoming dissatisfied with his improvement he sought the medical service of a physician of his own choosing. There is no evidence in the record to indicate that the employer was advised regarding this event.
This court has recently written to the effect of Tit. 26, § 293. See U.S. v. Bear Bros., Inc., Ala.Civ.App., 355 So.2d 1133
(1978).
The statute in pertinent part is as follows:
 "In addition to the compensation herein provided, . . . the employer shall pay the actual cost of reasonably necessary medical and surgical treatment and attention . . . as may be obtained by the injured employee during the first four years of disability. . . . If the *Page 1032 
employee is dissatisfied with the initial treating physician selected by the employer and if further treatment is required, the employee may so advise the employer and in such event the employee shall be referred to a second physician selected by the employer. In the event surgery is required, if the employee is dissatisfied with the designated physician, he may so advise the employer and in such event the employee shall be referred to a second physician selected by the employer. . . ."
Continuing, the statute states:
 "[I]f the employer furnished . . . medical and surgical attention and supplies during [the] four-year period he shall not be liable under this section, except for such of said services and supplies as may, in an emergency, be procured by the employee elsewhere. . . ."
Judge Bradley of this court, in construing the above quoted statute, stated as follows:
 "The above quoted provision indicates that with the exception of emergency care, the employer has the right to select the medical or surgical attendant who will treat the employee. Moreover, the statute provides that if the employee is dissatisfied with the physician selected by the employer, he should advise the employer of this fact so that the employer can select another physician. Accordingly, under the language of section 293 requiring an employee to advise his employer if he is dissatisfied with the employer's physician and permitting the employer to select the medical or surgical attendant of his choice, the employer is not liable for the costs of medical or surgical treatment obtained by the employee without justification or notice to the employer. 99 C.J.S. Workmen's Compensation § 273; 82 Am.Jur.2d Workmen's Compensation § 391; 2 Larson's Workmen's Compensation Law, Benefits
§ 61.12.[2]" [Footnote omitted.] 355 So.2d at 1137-38.
In this instance, the record is void of any permission or authorization by the employer for the questioned medical care. Nor is there evidence of notice to the employer that the employee was dissatisfied with the physician or physicians selected by the employer.
In view of the above, the trial court committed no error in this regard.
The case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.