This is a workmen's compensation case.
Doiley Suit was employed by Hudson Metals, Inc., in April 1974 as a "core maker," a job which required some heavy lifting and "rolling" the core machine. Following a work-related injury in 1978, the employee's duties were lightened and he was instructed by his superiors not to lift heavy objects unaided. Suit was also given some supervisory power in the core department. On July 23, 1980, Suit was injured on the job while unloading a "skid." He reported his injury to his supervisor, and the company office manager made him an appointment with Dr. Hunter Daniel, to whom the company generally sent injured workers. Suit was treated by Dr. Daniel and, on July *Page 116 
31, returned to work. He was paid workmen's compensation for July 28-30, 1980.
On August 11, 1980, shortly before quitting time (2:30 P.M.), the employee again injured his back, this time while attempting to lift a heavy cast iron core box onto a core machine without assistance. He told a co-employee that he hurt his back, but did not report the injury to his supervisor. Instead, he simply went home. From this point, the testimony is sharply disputed. Suit testified that he talked to a supervisor (not his, however) on the Citizen's Band radio the following day and told him about the back injury at work and that he would not be at work for that reason. He also said he asked the man to tell his supervisor. A co-employee testified that he heard the C.B. conversation. The supervisor, however, said that he did not remember such a conversation and that he would remember it if it took place.
Additionally, Suit's wife testified that she called the Hudson Metals office on August 12 from a relative's phone to report that her husband would be absent from work because of the back injury. The office manager denied that she received such a call. Appellant's supervisor and the company president both denied having any knowledge of the August 11 back injury. There was evidence that a Dr. Sparks from Decatur called the Hudson Metals office on September 8, 1980, said he was treating Suit for a back injury and inquired whether workmen's compensation would apply. He was told that it would not.
The employee was earning $220 per week at the time of the injury in dispute. He is thirty-nine years old, married and has seven children, five of whom reside with him. At the time of trial, he weighed 295 pounds and was only five feet seven inches tall. Suit is only semi-literate, having completed but six grades of school, and has only worked at jobs requiring manual labor. He has no special skills.
The trial court found that Suit had five percent permanent partial disability to his body as a whole. Compensation was denied, however, because Suit failed to properly notify his employer of his injury pursuant to § 25-5-78, Code (1975). The trial court also determined that there was no clear evidence presented on the loss of ability to earn which is the basis of a compensation award. From the judgment of the trial court, the employee appeals.
The issues on appeal involve notice and the loss of the ability to earn.
Notice is governed by § 25-5-78 which reads in pertinent part:
 Every injured employee or his representative shall, within five days after the occurrence of an accident, give or cause to be given to the employer written notice of the accident, and the employee, if he fails to give such notice, shall not be entitled to physician's or medical fees nor any compensation which may have accrued under the terms of this article and article 2 of this chapter. . . .
In this state, it has been the rule that actual notice is equivalent to statutory notice. See, Price Ceiling, Inc., v.Ray, 394 So.2d 58 (Ala.Civ.App. 1981). The trial court in this case, however, rejected the evidence in favor of actual notice, finding that there was not sufficient notice to comply with the statute and warrant workmen's compensation benefits.
The proper mode of review in a workmen's compensation case is by writ of certiorari. Fordham v. Southern Phenix Textiles,Inc., 387 So.2d 204 (Ala.Civ.App.), cert. den., 387 So.2d 206
(Ala. 1980). A review of the weight or preponderance of the evidence or whether the finding of fact by the trial court was correct is not properly before this court. Legg v. AmericoldCompressor Co., 336 So.2d 1121 (Ala.Civ.App. 1967). We may only inquire as to whether there was any legal evidence to support the trial court's finding. Bolden v. M. Lowenstein Sons,Inc., 392 So.2d 1207 (Ala.Civ.App. 1981). Findings of the trial court on conflicting testimony are conclusive. Young v. City ofHuntsville, 342 So.2d 918 (Ala.Civ.App. 1976), cert. denied,342 So.2d 924 (Ala. 1977). *Page 117 
The trial court resolved the heavily disputed testimony regarding notice against the employee. After that resolution, the trial court properly applied the law to those facts. We find no error as there was legal evidence to support the court below.
We pretermit the issue raised as to evidence concerning the loss of ability to earn since the trial court properly found a lack of statutory notice.
This cause is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 118 
[EDITORS' NOTE: The opinion of the Court of Civil Appeals of Alabama in Ryder Truck Lines, Inc. v. Santaim Midwest Lumber Company published in the advance sheet at this citation, 414 So.2d 117-119, was withdrawn at the request of the court.] *Page 119