This is a workmen's compensation case.
On January 12, 1981, Charlie Mae Allen (claimant) caught her right hand in a mechanical press on which she was working at Diversified Products (employer). Her hand remained trapped in the press for approximately twenty minutes until maintenance personnel could disassemble the machine and free her. Claimant was immediately taken to the nurses' station where her glove was removed and her hand was examined. Although claimant disagrees, there is testimony that the hand was neither bruised, bleeding nor swollen at that time. The following day she was seen by the company physician who also detected no bruising, swelling or bleeding; indeed, no sign of injury. X-rays showed no fractures and no soft tissue injury.
Subsequent to her accident, claimant began to experience various emotional and psychological problems, ultimately resulting in complete disfunction of her right arm. As a result, she sought help from several physicians and psychologists and also underwent surgery in a vain attempt to regain use of the hand and arm. All treatment has been without improvement, with continued regression.
Medical and psychologic testimony indicates that, while there is no physiological cause for claimant's present condition, her inability to use her arm results from a psychological condition known as conversion hysteria, which was apparently triggered by the accident in question.
On January 11, 1982, claimant brought suit in Lee County seeking workmen's compensation benefits. Thereafter, depositions of various physicians and psychologists were taken and trial was held ore tenus on March 22, 1983. On October 11, 1983, the trial court entered its judgment, finding that: *Page 1065 
 "[A]s a result of the accident in question which occurred on or about January 13, 1981, the Plaintiff, Mrs. Charlie Mae Allen, has lost 75 percent of the use of her right hand and arm as a direct and proximate result of the accident in question. The Court finds such injuries are entirely `of the mind' in other words in the form of a neurosis but are compensable in nature. Accordingly, IT IS ORDERED, ADJUDGED AND DECREED that the Plaintiff have and recover of the Defendant the sum of $124.52 per week for a period of 222 weeks times 75 percent and for such other benefits as the law requires to flow therefrom the injury which the Plaintiff suffered. In this regard it is required that such expenses have been incurred by the Plaintiff from a physician authorized by the Defendant or as otherwise set out in the Code of Alabama."
From this judgment claimant appeals, asserting that the trial court erred in (1) finding only a seventy-five percent permanent disability to her right arm, rather than a total permanent disability, and (2) in failing to allow payment of psychiatric, psychological and psychiatric hospitalization expenses.
It is well-settled that psychological injuries may be compensable under the Alabama Workmen's Compensation Act where an employee suffers a physical injury or trauma in the line and scope of his or her employment and develops a disabling neurosis as a proximate result thereof. Bickerstaff ClayProducts Co. v. Dixon, 444 So.2d 390 (Ala.Civ.App. 1983); ABEXCorp. v. Coleman, 386 So.2d 1160 (Ala.Civ.App. 1980); FruehaufCorp. v. Prater, 360 So.2d 999 (Ala.Civ.App. 1978). The record clearly shows and the trial court found that claimant suffered a physical injury — no matter how slight — and that a disabling neurosis developed proximately therefrom. Therefore, there is support in the evidence for the determination that claimant is entitled to recover for her psychological injuries,Bickerstaff Clay Products Co., supra; the only question being the amount of recovery to which she is entitled.
As we stated in Bickerstaff, in determining the degree of claimant's disability, a trial court is not bound by expert testimony indicating the degree of claimant's bodily disability. The trial court may consider all evidence, including its own observations, and interpret it according to its own best judgment. Goodyear Tire and Rubber Co. v. Greene,426 So.2d 851 (Ala.Civ.App. 1983). The award made was according to the schedule for permanent partial loss of use of an arm provided in § 25-5-57 (a)(3)(d), Code of Alabama 1975.
In workmen's compensation cases our scope of review as to factual matters, such as the degree of disability, is strictly limited to an examination of the trial evidence to determine if any legal evidence was supportive of the trial court's findings. If so, we must affirm the court's judgment, for this court does not consider the weight of evidence but only its existence. Goodyear Tire Rubber Co., supra. Upon a review of the record, we cannot say that the trial court erred in its determination of disability or computation of benefits.
We also find no error in the trial court's failure to award claimant psychological medical expenses. In addition to evidence that at least some of said expenses were paid by another source, the record is devoid of evidence indicating either the necessity or reasonableness of claimant's psychological care or that said care was ever authorized by employer or its workmen's compensation carrier.
With the exception of emergency care, the employer has the first right to select the medical or surgical attendant who treats the claimant. § 25-5-77 (a) Code 1975. The employer is not liable for medical, surgical, or, in this case, psychological treatment obtained by the employee without justification or notice to the employer. Condry v. Jones FarmEquipment Co., 358 So.2d 1030 (Ala.Civ.App. 1978). Claimant having failed to prove notice or authorization of the treatment in *Page 1066 
question by employer, is not entitled to compensation of expenses incurred in that treatment.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.