This is a workmen's compensation case.
Mrs. Grumm suffered an injury to her back while employed at Neptune's plant in Elmore County. After approximately nine months of treatment, she continued to have problems, primarily with numbness in her legs, which she claimed prevented her from being able to return to work. She then filed a workmen's compensation action against Neptune, seeking an award of permanent total disability benefits.
After a trial on the merits, the Elmore County Circuit Court found that Mrs. Grumm had sustained a permanent partial disability and had suffered a permanent loss of fifteen percent of her ability to earn. Mrs. Grumm then made motions for an alteration of the judgment or for a new trial, which were denied. She then perfected this appeal.
Two issues are presented by Mrs. Grumm on appeal. The first is whether the legal evidence established that Mrs. Grumm suffered a loss of more than fifteen percent of her ability to earn. The second is whether the trial court erred by considering Mrs. Grumm's pre-existing conditions in reducing the compensation award.
A workmen's compensation case is reviewable by writ of certiorari. Suit v. Hudson Metals, Inc., 414 So.2d 115
(Ala.Civ.App. 1982). On appeal, review is limited to whether there is any legal evidence present to support the trial court's findings. Young v. City of Huntsville, 342 So.2d 918
(Ala.Civ.App. 1976). A review of the weight of the evidence or the trial court's finding of fact is not properly before this court. Suit v. Hudson Metals, Inc., supra. If there is any legal evidence to support the trial court's findings, we must affirm the court's judgment. Allen v. Diversified Products,453 So.2d 1063 (Ala.Civ.App. 1984).
In arriving at its judgment, the trial court may consider all the evidence, including its own observations, and interpret it according to its own best judgment. Allen v. DiversifiedProducts, supra. The trial court is not bound by the opinion of expert witnesses, even if their testimony is uncontroverted.Clark Lumber Co. v. Thornton, 360 So.2d 1019 (Ala.Civ.App. 1978). A trial court may make a finding regarding the percentage of permanent disability without expert testimony. Bankhead ForestIndustries, Inc. v. Lovett, 423 So.2d 899 (Ala.Civ.App. 1982). Findings of the trial court on conflicting testimony are conclusive where there is any testimony supportive of those conclusions. Suit v. *Page 1069 Hudson Metals, Inc., supra. The determinations of the percentage disability and the percentage loss of ability to earn are for the trial court, and if there is any legal evidence to support them, we must affirm, because we do not consider the weight of the evidence. Allen v. Diversified Products, supra.
After a review of the record, we find that there is testimony to support the trial court's conclusion that Mrs. Grumm has suffered a permanent partial disability which has resulted in a fifteen percent permanent loss of ability to earn. A neurologist who testified at trial stated that he did a complete neurological exam on Mrs. Grumm, and that he diagnosed her as having a mild peripheral neuropathy caused by a situation unrelated to her back injury. The doctor stated that her back injury was probably a strain which should have healed by now, and that people can work normally with much more severe neuropathies than Mrs. Grumm's. He testified that he thinks that she is well enough to go back to work. The doctor testified that a neuropathy can be severe enough to cripple, but it doesn't happen at once, and the type peripheral neuropathy which Mrs. Grumm has does not develop from doing manual labor, nor was it aggravated, in his opinion, by her back injury. We find evidence to support the trial court's conclusion that the injury to Mrs. Grumm's back only caused her only a fifteen percent permanent loss of ability to earn; we must affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.