WRIGHT, Presiding Judge.
This is a workmen’s compensation case.
Wade Sexton was employed by Lynn Pendley as a pulpwood truck driver on August 12, 1983. On that day, Sexton was transporting a truckload of logs when his trailer was struck by a train. Sexton was thrown from the truck and sustained injuries to his lower back. The employer received timely notice of said accident and injury. The employer paid some benefits for temporary total disability and some medical expenses.
On October 9, 1984, Sexton filed suit against Pendley claiming additional workmen’s compensation benefits, alleging temporary total disability as a result of the accident. The employer filed a counterclaim for alleged overpayment of benefits to Sexton. The case was tried March 6, 1985. The trial court held for the employer on Sexton’s claim for workmen’s compensation benefits and held for Sexton and against the employer on the employer’s counterclaim.
Sexton brings this appeal contending that the trial court’s finding that he was not entitled to further compensable disability is contrary to the law and without support in the evidence.
On appeal, review of a workmen’s compensation case is limited to questions of law and to examination of the evidence to determine if there is any legal evidence to support the findings of the trial court. Dodson v. Atrax, 437 So.2d 1294 (Ala.Civ.App.1983); Allen v. Metro Contract Services, 421 So.2d 1289 (Ala.Civ.App.1982).
The evidence was undisputed that Sexton experienced back pain after the accident and that this pain continued. The issue became whether Sexton’s lower back pain was caused by the collision or was now the result of his excessive weight. At the time of trial, Sexton was five feet, eight inches tall and weighed 218 pounds.
Four days after the accident, Sexton began experiencing substantial back pain. He consulted a physician who diagnosed severe muscle spasm. Sexton was referred to an orthopedic surgeon, who diagnosed cervical and lumbar strain. He thereafter consulted a neurosurgeon, Dr. Gabriel Fernandez. Dr. Fernandez treated Sexton from August 23, 1983, through July 7, 1984. His diagnosis was cervical strain, lumbar strain and cervical headaches. Dr. Fernandez could find no objective evidence of permanent disability (i.e., vertebra or disc damage) and referred Sexton to Dr. William Taylor, an orthopedic surgeon, for an examination. Dr. Taylor could find no objective evidence of permanent disability. Dr. Fernandez then advised Sexton that he was unable to do anything more to improve Sexton’s health and referred Sexton to Dr. Randall Ayers,' a specialist in internal medicine and rheumatology.
*1150 Dr. Ayers was the first witness for Sexton and testified that Sexton's lower back pain was caused by the collision and that Sexton was and is one hundred percent impaired. However, on cross examination, he admitted that excess weight can cause back strain and can aggravate an existing condition.
Dr. Fernandez testified that the only evidence of injury he could find was soft tissue injury in the form of strained muscles in the lumbar area. He also said that excess weight can aggravate back pain.
Dr. Taylor testified that the only thing he could find wrong with Sexton was that he was overweight.
The weight and credibility to be attributed to an expert witness is for the trier of fact. Clark Lumber Company v. Thornton, 360 So.2d 1019 (Ala.Civ.App.1978). The trier of fact is to resolve all reasonable doubt in the evidence in favor of the employee. Riley v. Perkins, 282 Ala. 629, 213 So.2d 796 (1968). On review, the trial court’s findings on conflicting evidence are conclusive. Young v. City of Huntsville, 342 So.2d 918 (Ala.Civ.App.1976), cert. denied, 342 So.2d 924 (Ala.1977).
We find that although there was evidence supporting Sexton’s contention that his present back pain was caused by the collision, the evidence we have cited tends to conflict with his contention and supports the conclusion that his problems are caused by his excess weight. The trial judge had the benefit of observing the claimant and hearing his testimony. That judge had the sole responsibility of weighing the evidence and making a finding of fact. With support in the evidence for his finding, this court must affirm. Ex parte Neal, 423 So.2d 850 (Ala.1982); Newman Brothers, Inc. v. McDowell, 354 So.2d 1138 (Ala.Civ.App.1977), cert. denied, 354 So.2d 1142 (Ala.1978).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.