This is a workmen's compensation case.
After a trial on the merits, the trial court found that the employee had sustained a permanent partial disability and had suffered a fifteen percent permanent loss of his ability to earn.
The employee appeals, and we affirm.
The employee contends that his loss in earning capacity is greater than that determined by the trial court.
The dispositive issue, therefore, is whether there is any evidence to support the trial court's finding that the employee's earning capacity had been reduced by only fifteen percent as a result of the injury caused by his work-related accident.
In Grumm v. Neptune Meter Co., 472 So.2d 1067, 1068-69
(Ala.Civ.App. 1985), we stated the following with respect to the appropriate standard of review in workmen's compensation cases:
 "A workmen's compensation case is reviewable by writ of certiorari. Suit v. Hudson Metals, Inc., 414 So.2d 115 (Ala.Civ.App. 1982). On appeal, review is limited to whether there is any legal evidence present to support the trial court's findings. Young v. City of Huntsville, 342 So.2d 918 (Ala.Civ.App. 1976). A review of the weight of the evidence or the trial court's finding of fact is not properly before this court. Suit v. Hudson Metals, Inc., supra. If there is any legal evidence to support the trial court's findings, we must affirm the court's judgment. Allen v. Diversified Products, 453 So.2d 1063
(Ala.Civ.App. 1984).
 "In arriving at its judgment, the trial court may consider all the evidence, including its own observations, and interpret it according to its own best judgment. Allen v. Diversified Products, supra. The trial court is not bound by the opinion of expert witnesses, even if their testimony is uncontroverted. Clark Lumber Co. v. Thornton, 360 So.2d 1019 (Ala.Civ.App. 1978). A trial court may make a finding regarding the percentage of permanent disability without expert testimony. Bankhead Forest Industries, Inc. v. Lovett, 423 So.2d 899 (Ala.Civ.App. 1982). Findings of the trial court on conflicting testimony are conclusive where there is any testimony supportive of those conclusions. Suit v. Hudson Metals, Inc., supra.
The determinations of the percentage disability and the percentage loss of ability to earn are for the trial court, and if there is any legal evidence to support them, we must affirm, because we do not consider the weight of the evidence. Allen v. Diversified Products, supra."
After a review of the record, we find that there is evidence to support the trial court's conclusion that the employee suffered a fifteen percent loss in his ability to earn.
The record shows that the employee suffered an injury to his back while in the course of his employment as a millwright, *Page 138 
that is, in this instance, one who does heavy machine repair. He was approximately fifty-two years old at the time of the accident and had worked as a millwright for several different companies since 1957. When he suffered an injury to his back while moving a heavy metal plate on or about December 28, 1983, he had been doing heavy machine repair for that employer for approximately two years. Before his injury he was earning in the neighborhood of $650 per week.
The record supports the employee's assertion that he immediately reported his injury to his superior, but he did not seek medical assistance until February 14, 1984, when he visited a chiropractor who diagnosed his condition as follows:
 "The patient has sustained a Right Sacroilliac Fixation and a Piriformus Muscle Spasm, complicated by a previous injury to the lower back.
This injury is accompanied by ligamentous instability and tearing, myofascial residuals, and localized evidence of nerve root irritation. These injuries are usually of a temporary nature
depending on the amount of joint and ligamentous damage." (Emphasis supplied).
That chiropractor took the employee off work as a result of the above diagnosis and engaged in conservative treatment of the employee until he discharged him to return to work on March 16, 1984. The chiropractor reported that the discharge was upon the employee's request to return to work, even though the chiropractor did not think he was completely healed as of that date.
The employee returned to work, but continued to have pain and went to see an orthopedic surgeon on March 23, 1984. That doctor diagnosed the employee's condition as being symptomatic of "bulging discs" at two places in his spine. He also testified pertinently as follows:
 "Lumbar disc symptoms don't start with a one-time heavy lifting episode like that. Here is a guy with a weak back, already has had a laminectomy and surgery on his back anyway. He has got a progressive problem where you get wear and tear like wear on car tires. It happens from however many number of years he was working, which is a contributing factor, and however many number of years he has been alive, whether he does — what he does on his own time affects his back.
". . . .
 "Basically, as far as I'm concerned, and I think it is most orthopedists' and neurosurgeons' opinion, degenerative disc disease of the lumbar spine is due to day-in and day-out wear and tear and stress and strain as I have told you already.
It can be related to your work or it can be related to your activity when you are not at work. That [the accident in question] is one of thousands of things that a man does over the years that adds increasing stress. And at one point in time, that may weaken it to a certain or further degree." (Emphasis supplied.)
The orthopedic surgeon testified that the employee had had "satisfactory recovery" from the bulging disc problems already mentioned. He also testified that the injury in question in this case was not the main cause of the employee's back problems, but "that the high majority of his problem comes from wear and tear and the aging process and what he has done day in and day out for forty-something years."
The orthopedic surgeon took the employee off work as of March 23, 1984. The employee would eventually receive close to $12,000 in weekly sickness and accident benefits from the employer. In November 1984, the instant suit was filed for workmen's compensation benefits.
As indicated, the employee contends that the trial court erred in finding that he had suffered only a fifteen percent loss in his ability to earn. We disagree.
The employee's insistence that his post-injury earnings of approximately $100 per week, when compared to his weekly wage before the injury of approximately $650, must lead to a conclusion that he suffered an eighty-five percent loss of earning capacity is misplaced.
It is well settled that post-injury earnings are but one factor for the court to *Page 139 
consider in determining whether there has been a loss of earning capacity, thereby entitling an employee to permanent disability benefits. Lankford v. International Paper Co.,454 So.2d 988 (Ala.Civ.App. 1984). In a workmen's compensation case, the court may consider the age, education, past work history, and the effect of the injury on the employee's earning ability before making a determination of disability. StebbinsEngineering Manufacturing Co. v. White, 457 So.2d 425
(Ala.Civ.App. 1984).
In this case the orthopedic surgeon stated that the employee had suffered a ten percent permanent partial disability of the body as a whole. As indicated, the surgeon testified that the main cause of the employee's back problems stemmed from the natural aging process, together with a tendency toward degenerative disc disease as accelerated by earlier traumas and operations. The surgeon testified that he could not determine with complete certainty the degree of disability caused by the aforementioned degenerative tendencies of the employee as distinguished from the work-related accident in December 1983. Such a determination as to the degree of disability was singularly within the competence of the trial court.
Similarly, the employee's argument that the trial court improperly considered the employee's age and back disease as contributing factors to his decreased earning capacity is also misplaced.
In Sexton v. Pendley, 474 So.2d 1148, 1150 (Ala.Civ.App. 1985), we held the following with respect to the trial court's role in making a determination of decreased earning capacity in the face of conflicting evidence as to the exact cause of the employee's problems:
 "We find that although there was evidence supporting Sexton's contention that his present back pain was caused by the collision, the evidence we have cited tends to conflict with his contention and supports the conclusion that his problems are caused by his excess weight. The trial judge had the benefit of observing the claimant and hearing his testimony. That judge had the sole responsibility of weighing the evidence and making a finding of fact. With support in the evidence for his finding, this court must affirm. Ex parte Neal, 423 So.2d 850 (Ala. 1982); Newman Brothers, Inc. v. McDowell, 354 So.2d 1138
(Ala.Civ.App. 1977), cert. denied, 354 So.2d 1142 (Ala. 1978)."
See also Grumm v. Neptune Meter Co., 472 So.2d 1067.
In short, in a workmen's compensation case much discretion is reposed in the trial court in making its determination of the employee's loss of earning capacity when the evidence is in dispute.
In view of the existence of evidence supporting the trial court's determination, this case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.