Billy A. Foreman filed suit against Goodyear Tire and Rubber Company on February 18, 1986, for benefits under the workmen's compensation laws of Alabama. Foreman alleged that he had an accident at *Page 410 
work in which he injured his right knee on November 25, 1985, and claimed permanent total disability as a result of that knee injury. The trial court held two hearings, the first to determine only the issue of liability and the second to adjudicate all remaining issues. Following the entry of a final judgment adverse to Goodyear, the company filed a motion for new trial, which was denied. Goodyear then filed a notice of appeal with this court.
Foreman is 58 years old. His job at Goodyear involved loading rolls of stock, which weighed up to 300 pounds, onto a small truck and delivering the stock to the tire builders. His accident occurred when he was in the process of unloading a roll of stock with an electrical hoist. The roll "kicked back" and hit his right knee. Foreman testified that he finished his shift and then tried to locate his supervisor to report the accident. He was not able to find the supervisor and went home without reporting the accident to anyone at Goodyear.
Foreman was not scheduled to report to work for several days after the accident because of the Thanksgiving holidays and a week's vacation. His knee became increasingly painful and incapacitating, so he consulted a doctor about it while on vacation. Surgery was performed on his knee the following week, involving excision of preexisting calcium deposits and a synovectomy. Foreman has not been able to work since the accident because of pain in his knee and limitations on his activities resulting from problems with his knee.
After the initial hearing, the trial court entered an order relative to the issue of liability. The court found that Foreman's accident arose out of and in the course of his employment, but that he failed to give notice of the accident to Goodyear within five days and had no good reason for his failure to do so. The court also found, however, that Goodyear received actual notice on January 2, 1986, when Foreman completed and filed an "accident and sickness" form with the company. The court held that Goodyear was liable to Foreman for workmen's compensation benefits, medical expenses, and other allowances, but imposed the sanction of non-payment of benefits upon Foreman through January 2, 1986, because of his failure to give notice within five days. Since Goodyear did receive notice within 90 days, the court ruled that Foreman would be entitled to benefits after January 2. The court also stated the following:
 "Defendant shall not be obligated to pay any medical expenses incurred by plaintiff through the date of this order [December 9, 1987], nor shall it be liable for any future medical expenses unless the health care services are authorized by the employer as provided in accordance with § 25-5-77(a), Code of Alabama (1975)."
The trial court incorporated the above-referenced order in its entirety into its final judgment. The court then found that Foreman's on-the-job injury had aggravated a pre-existing condition by making his knee more symptomatic, but that, prior to the accident, the pre-existing medical condition of Foreman's knee did not affect his ability to work as a normal man. The court determined that Foreman was totally and permanently disabled and awarded him a lump sum of accrued and unpaid benefits plus future weekly benefits for the term of his total permanent disability. Goodyear was ordered to pay the actual cost of medical and surgical treatment, vocational rehabilitation, medicine, and other expenses. Foreman's attorneys were awarded a fee of 15 percent of both the accrued and unpaid benefits and the unaccrued benefits payable during Foreman's life expectancy, and the amounts due to him were reduced accordingly. We note that the trial court's judgment stated that the portion of the attorney's fee that was based on unaccrued benefits was commuted to present value.
Workmen's compensation cases come before this court on certiorari, and, therefore, our standard of review is very narrow and does not allow us to weigh the evidence. Cook v.Munn, 528 So.2d 881 (Ala.Civ.App. 1988). Our review of the judgment before us is limited to ascertaining whether any legal evidence or reasonable inference therefrom supports the trial court's findings *Page 411 
of fact and whether the correct law was applied to such facts.Martin Industries, Inc. v. Dement, 435 So.2d 85 (Ala.Civ.App. 1983). If conflicting testimony is presented, the findings of the trial court will be conclusive if there is any testimony to support them. DeHart v. Ideal Basic Industries, Inc.,527 So.2d 136 (Ala.Civ.App. 1988).
Goodyear first contends that there is no reasonable evidence to support the trial judge's conclusion that Foreman is permanently and totally disabled as a result of an on-the-job injury. The company argues, in essence, that his disability is not total and that his impairment is the result of a preexisting condition, not of the accident.
In a workmen's compensation case, much discretion is reposed in the trial court to determine an employee's loss of earning capacity when disputed evidence is presented. DeHart, supra. If there is any legal evidence to support the trial court's determination of the percentage of disability and the percentage of loss of ability to earn, we must affirm. Allen v.Diversified Products, 453 So.2d 1063 (Ala.Civ.App. 1984). In arriving at its judgment, the trial court should consider all the evidence, including its own observations. Further, the trial court is not bound by any particular testimony, even that of expert witnesses. DeHart, supra; Allen, supra.
In addition to the testimony of Foreman and his doctor, the trial court considered the testimony of two vocational experts. One assigned Foreman a 100 percent disability rating; the other assigned him an 82 percent disability rating. Clearly, evidence was presented which supports the trial court's finding that Foreman is permanently and totally disabled.
The record does reflect that Foreman had pre-existing medical problems with his knee prior to the accident. The record also reflects, however, that Foreman had missed only a few days of work over a period of several years. We find no evidence to suggest that Foreman's knee prevented him from performing the duties assigned to him before the accident. This court defines a pre-existing condition in terms of its effect on the employee's ability to earn. Gold Kist, Inc. v. Nix,519 So.2d 556 (Ala.Civ.App. 1987). Regardless of the existence of a pre-existing condition, if the employee is able to work as a normal man prior to his injury, no pre-existing condition is considered to be present for workmen's compensation purposes.Blue Bell, Inc. v. Nichols, 479 So.2d 1264 (Ala.Civ.App. 1985). The trial court's finding that Foreman's knee did not prevent him from working as a normal man prior to the accident is supported by the evidence and is due to be affirmed.
Goodyear next contends that the trial court erred in awarding benefits despite finding that Foreman did not report the injury within five days and did not have a good reason for his failure to do so. We find no merit to this argument. Ex parte Murray,490 So.2d 1230 (Ala. 1984), distinctly holds that, if there is no good reason for the failure of an employee to notify his employer of an injury within five days, but the employer receives notice within 90 days after the injury, then the employee must forfeit only those benefits accrued up to the time of notification. The trial court properly penalized Foreman for not giving prompt notice by denying benefits from the date of the accident until the date of notice. Since Goodyear received notice within 90 days, we find no error in the trial court's awarding compensation to Foreman from the date of notice forward.
Goodyear also argues that the trial court's requirement in its final judgment that the company pay the actual cost of Foreman's medical treatment and other expenses was error. Goodyear correctly asserts that, if an employee does not notify his employer prior to consulting a physician or otherwise seeking treatment, the employer is not responsible for the payment of those medical expenses. Condry v. Jones FarmEquipment Co., 358 So.2d 1030 (Ala.Civ.App. 1978). The trial court's initial order explicitly states that Goodyear is not liable for any medical expenses incurred by Foreman through December 9, 1987, and that the company will only be *Page 412 
liable for future expenses if the services are authorized in accordance with § 25-5-77, Ala. Code 1975 (1986 Repl.Vol.). The provisions of that order were incorporated into the final judgment; therefore, the award of expenses in the final judgment only affects Goodyear's liability as to futureauthorized medical expenses. That portion of the trial court's judgment is also due to be affirmed. Once an employee is found to be disabled, the employer has a duty, as a matter of law, to provide for the payment of any future medical expenses that are reasonable and necessary for the treatment of the injury.Conley v. SCI Systems, Inc., 495 So.2d 698 (Ala.Civ.App. 1986).
Goodyear's final contention on appeal is that the trial court's award of a 15 percent lump sum attorney's fee is an abuse of discretion because there was no evidence to support the fee award. The company argues in brief that the Supreme Court of Alabama, in Ex parte St. Regis Corp., 535 So.2d 160
(Ala. 1988), "overruled the line of cases holding the employer is without standing to appeal" fee awards. We disagree. We understand the pertinent language of St. Regis to hold that standing to appeal a fee award is conferred upon those employers ordered to pay a lump sum attorney's fee wherein the payments are not reduced to their present value. Goodyear does not argue the trial court's failure to reduce the fee award to present value. It complains only that a 15 percent fee is "too much."
The employee is entirely responsible for the payment of his attorney's fee, pursuant to § 25-5-90, Ala. Code 1975 (1986 Repl.Vol.). St. Regis determined that such fee awards are statutorily limited to 15 percent of the aggregate award of benefits reduced to present value. Reduction of a benefit award to present value prior to the calculation of the attorney's fee effectively places the full responsibility for payment of the fee on the employee's shoulders.
We find that Goodyear is without standing to question on appeal the amount of the fee which Foreman is to pay his attorney. We note, however, that "once the employee's benefits have been determined, the law clearly defines the boundaries within which the trial court has freedom to award the attorney fee." St. Regis, supra, at 163. We find nothing in the instant case which suggests that the trial court exceeded its authority in establishing the attorney's fee at 15 percent.
The trial court's judgment is due to be affirmed in all respects.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.