RUSSELL, Judge.
Robert Welford (employee) brought this action under Alabama’s workmen’s com *1145 pensation laws to recover benefits from G.R. Woods Company (employer) for an injury resulting from an accident which occurred during his employment. The trial court found in favor of the employee, and the employer appeals from the findings of fact, conclusions of law, and final judgment entered by the trial court. We affirm.
The dispositive issue is whether the trial court erred in finding that the employee is permanently and totally disabled from an accident occurring on April 21, 1986.
At the outset we note that our supreme court recently clarified the standard of review in workmen’s compensation cases as follows:
“The standard of appellate review in workmen’s compensation cases is a two-step process. Initially, the reviewing court will look to see if there is any legal evidence to support the trial court’s findings. If such legal evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court’s judgment.”
Ex parte Eastwood Foods, Inc. 575 So.2d 91, 93 (Ala.1991).
The pertinent facts are that, on April 21, 1986, the employee sustained a back injury during the course of his employment while lifting a reel of wire. He subsequently underwent back surgery, which was performed by Dr. Abangan.
The employee returned to work in July 1986, on the advice of Dr. Abangan, who had advised him not to lift things and had given him advice on how to care for his back. The employee testified that, after he returned to work, he continued to have problems because of pain. If he was continuously on his feet, he would have to sit down until his leg quit hurting. He also missed work, but usually no more than two days at a time.
The employee continued to work in this manner until November 1987, when, after more lifting than he had done since the surgery, plus excessive climbing and crawling in tight places, he suddenly experienced severe back pain and was unable to work. The employee was examined by Dr. Dempsey, who recently had examined him in October 1987, at the request of Wausau Insurance Company. The employee was limited to very light-duty work. He returned to work in February 1988, and continued until November 1988, at which time he was no longer able to work. Dr. Dempsey again examined him in December 1988, when he was admitted to the hospital.
Prior to November 1988, the employee worked as a foreman and was able to sit or lie down whenever necessary. After that time he did not have the same job and was more restricted as to time for rest.
Dr. Dempsey testified that the further problems which the employee developed were a result of the injury and surgery in 1986 and a pre-existing condition called spondylolisthesis, which was aggravated by the injury and the surgery, and that he had a thirty-three percent permanent partial disability to the whole man. He further testified that the employee’s activities were limited by pain and that flare-ups would be a permanent condition.
The vocational rehabilitation consultant reported that the employability rating of the employee is poor, based on his physical restrictions and current pain level, and that he knows of no employer who would hire him. At the trial, he testified that the employee had a reduced earning capacity of one hundred percent and that he is totally disabled. A certified personnel consultant also issued a report which stated that the employee cannot compete in the job market for any job for which he is qualified by experience and education and that employers would certainly reject him.
The employer first contends that the trial court should not have granted a motion for summary judgment regarding a second injury suffered by the employee, which motion, it claims, was filed late in 1987 by the Association of General Contractors Self Insurance Trust (Association), the insurer for the employer at that time.
A diligent search of the record indicates that a motion for summary judgment was not filed by Association, but, rather, was filed by the employer, claiming that the *1146 employee had not suffered a second injury. The motion was apparently filed in response to an amendment to the complaint filed by the employee, which stated that Wausau Insurance Company was contending that the employee had suffered a new injury in November 1987, and that Wausau did not insure the employer for that period of time. This places the employer in the unusual position of contending on appeal that the trial court erred in granting its own motion for summary judgment.
In addition, as admitted by both parties, an order granting summary judgment is not part of the record. This court is bound by the record before it. Speigle v. Lott, 423 So.2d 163 (Ala.1982); Zills v. Brown, 382 So.2d 528 (Ala.1980). Therefore, since there is no order granting summary judgment before this court, we will not consider the employer’s contention regarding summary judgment.
However, we do note that the trial court in its final order found the following: “[T]he spondylolisthesis was asymptomatic before the accident of April 21, 1986, and the injury caused by said accident superimposed on this condition caused the Plaintiff’s medical problems and loss of earning capacity.” The employee testified concerning the continuing pain that he experienced after the surgery, and Dr. Dempsey testified concerning the effect of the 1986 injury and surgery on the spondylolisthesis. Therefore, we find that there is legal evidence to support the trial court’s finding.
The employer next contends that the trial court erred in finding the employee permanently and totally disabled, when, the employer claims, the employee voluntarily removed himself from ninety-five percent of all jobs. The employer further argues that the evidence failed to establish that the employee was unable to perform his trade or unable to obtain reasonably gainful employment and that it is necessary to prove that both contingencies exist.
This court has recently held that a permanent total disability is the inability to perform one’s trade and the inability to find gainful employment. Mead Paper Co. v. Brizendine, 575 So.2d 571 (Ala.Civ.App.1990). The search for employment includes retraining for another job if the employee is a proper candidate for retraining. Id. Therefore, we must determine whether any legal evidence supports the trial court’s findings and whether a reasonable view of the evidence supports the trial court’s judgment. Eastwood, 575 So.2d 91. In making this determination, we are persuaded by the referenced testimony of Dr. Dempsey, the vocational rehabilitation consultant, and the certified personnel consultant that a reasonable view of the evidence here demonstrates that the employee has both the inability to perform his trade and the inability to find gainful employment. Additionally, we note that the court stated in its order that “[t]he Court observed the Plaintiff walking, sitting and testifying, and he was obviously in pain and suffering while before the Court.” The trial court may consider its own observations and use its own judgment in interpreting the evidence. Grumm v. Neptune Meter Co., 472 So.2d 1067 (Ala.Civ.App.1985).
Therefore, we find that there is legal evidence to support the trial court’s finding of permanent and total disability and that a reasonable view of the evidence supports the trial court’s judgment. The judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.