Lester Alverson filed a complaint for workmen's compensation benefits in the Circuit Court of Jefferson County against Fontaine Fifth Wheel Company alleging that he was owed benefits for a work-related injury. Following an oral proceeding, the trial court found that Alverson suffered a 12.5 percent permanent loss of his ability to earn. Alverson appeals.
Alverson contends that his loss in earning capacity is greater than that determined by the trial court.
In a workmen's compensation case this court's review is limited to a determination of whether there is any legal evidence to support the trial court's conclusions. If a reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom. Ex parte EastwoodFoods, Inc., 575 So.2d 91 (Ala. 1991).
The record reflects that on April 28, 1987 Alverson was injured in an accident in which the tip of his little finger on the right *Page 217 
hand was crushed. Subsequent to the injury, he was treated by an orthopedic surgeon, who removed the tip of the finger. Alverson returned to work after approximately ten days. He worked in the stock room for approximately five weeks, where he performed his duties using only his left hand. After that period he began to perform his usual duties. His supervisor testified that Alverson did satisfactory work and that he had no complaints about Alverson's work performance.
Thereafter, Alverson had problems with his hand. It throbbed and became swollen and the injured finger became very sensitive. He went to Dr. Victoria Masear, a hand and foot specialist, with his complaints. The doctor concluded that Alverson suffered from arthritis and a carpal tunnel syndrome in his hand. She testified, however, that neither the carpal tunnel syndrome nor the arthritis had any relationship to the injury at work.
Dr. David McLain, a rheumatologist not authorized by Fontaine, testified that the arthritis was caused by the accident since it was present in the right hand only. He testified that in his opinion Alverson suffered a 20 percent permanent partial disability to his body as a whole, including 2.75 percent attributable to the arthritic condition.
Dr. William Crunk, a vocational expert, stated his opinion that Alverson has suffered at least a 44 percent loss of access and ability to do jobs in the economy and that the loss would increase to approximately 70 to 75 percent should Alverson lose his job with Fontaine.
The record reflects that Alverson is 41 years old with a tenth-grade education. His hourly wage at the time of the accident was $7.81. At the time of the trial his hourly wage was $8.82.
The trial court has much discretion in determining the loss of earning capacity and may consider such factors as age, education, past work history, and the effect of the injury on the employee's earning ability. DeHart v. Ideal BasicIndustries, Inc., 527 So.2d 136 (Ala.Civ.App. 1988). In arriving at its decision, the trial court may consider all the evidence, including its own observations, and interpret it according to its own best judgment. DeHart. The trial court is not bound by the opinions of expert witnesses, even if their opinions are uncontroverted. DeHart.
In our review of the record we find that there is evidence to support the trial court's conclusion that Alverson suffered no more than a 12.5 percent loss in his ability to earn.
Alverson next contends that the trial court erred in failing to include in its order any language that would hold Alverson harmless from any "possible" reimbursement claim made by his health insurance carrier.
Section 25-5-77(a), Code 1975, requires the employer to pay the actual cost of reasonably necessary medical and surgical treatment, physical rehabilitation, and medicine if the treatment is obtained by an authorized physician. In applying § 25-5-77(a), this court has held that where there is no evidence that a medical charge is reasonable, there is no basis for awarding judgment on the charge, because the reasonableness of medical charges is not a matter of common knowledge. Lowe v.Walters, 491 So.2d 962 (Ala.Civ.App. 1986). Section 25-5-77(a) further provides that the employer is not liable for medical or surgical treatment obtained by the employee without justification or notice to the employer. Genpak Corp. v.Gibson, 534 So.2d 312 (Ala.Civ.App. 1988).
In this instance the record is devoid of any evidence or testimony that the doctors were authorized by the employer, that the treatment rendered by the doctors was necessary, and that their charges were reasonable. Alverson's request for reimbursement, premised on mere speculation, was properly denied.
In a perfunctory manner, Alverson asserts that the trial court erred in failing to make an award of future medical expenses. Section 25-5-77 makes it clear that the employer has a duty to provide for the payment of any future medical expenses. *Page 218 
In order for the expenses to be covered, however, the employee must abide by the requirements established in that section. Future expenses are recoverable if they are "reasonable" and "necessary" and obtained with the authorization of the employer. Genpak Corp. v. Gibson.
The judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.