Elizabeth Paschel filed a complaint for workmen's compensation benefits in the Circuit Court of Shelby County against Emro Marketing Company, Inc., doing business as Speedway, alleging that she was owed benefits for a work-related injury. Following oral proceedings, the trial court found that Paschel suffered a 47% loss of her ability to earn. Paschel appeals.
The record reflects that Paschel was employed by Speedway as a deli assistant. On July 23, 1989, she injured her back while lifting a box of frozen chicken parts. The parties stipulated that the injury arose out of and in the course of her employment.
Paschel was treated by Dr. Brice Brackin, an orthopedic surgeon. Dr. Brackin diagnosed Paschel as suffering from a degenerative process of the back, primarily related to stenosis. He testified by deposition that Paschel had reached maximum medical improvement on April 24, 1990. He determined that she had an 11% permanent physical impairment to the body as whole. In his opinion, she could be gainfully employed.
Dr. Thomas Smitherman, a family practitioner, examined Paschel in August 1990. He testified by deposition that he saw no medical reason that prevented Paschel from engaging in some sort of employment.
Dr. Carol Johnson, a family practitioner, also examined Paschel in August 1990. She found no objective evidence which would be consistent with the pain that Paschel related she was experiencing. In deposition, she testified that, in her opinion, Paschel could be malingering.
Dr. Mary Kessler, a vocational rehabilitation expert, evaluated Paschel in August 1990. She testified that, in her opinion, Paschel suffered a vocational disability rating of 100% as a result of the work-related injury.
At the time of the hearing, Paschel was 51 years of age. She completed the 12th grade and attended nursing school. She has worked as a nurse's assistant and in school cafeterias, and she has done some cleaning on a part-time basis. Paschel testified that she has been in constant pain since the accident. She says that she has great difficulty sitting, standing, or walking for any significant amount of time.
Speedway paid Paschel temporary total disability benefits totaling $10,313.90 from July 23, 1989, through December 16, 1991, at a rate of $121.34 per week for 85 weeks. Speedway additionally paid a total of $2,250.38 in permanent partial disability benefits from December 16, 1991, through December 21, 1992, at a rate of $42.46 per week for 53 weeks based on a 35% disability rating.
The trial court found that Paschel had been overcompensated because Speedway continued to pay temporary total benefits past the date that Paschel reached maximum medical improvement (April 24, 1990). It found that the overpayment amounted to *Page 973 
$1,535.94. It ordered that $9.48 be deducted weekly from Paschel's future permanent partial benefits.
Paschel initially asserts that the trial court had no authority to credit Speedway for its past overpayment of benefits.
Section 25-5-57(a)(3)g., Code 1975, gives the court the authority to credit future benefits owed for permanent partial disability awards by the number of weeks paid for temporary total disability benefits. Sunnyland Foods, Inc. v. Catrett,395 So.2d 1005 (Ala.Civ.App. 1980). The court had the authority to credit Speedway for its overpayment. We find the manner in which the trial court chose to exercise that authority and to set off the overpayment to be equitable.
Paschel contends that her loss of ability to earn is greater than that determined by the trial court.
In a workmen's compensation case, this court's review is limited to a determination of whether there is any legal evidence to support the trial court's conclusions. If a reasonable view of that evidence supports the findings of the trial court, this court must determine whether the correct legal conclusions have been drawn therefrom. Ex parte EastwoodFoods, Inc., 575 So.2d 91 (Ala. 1991).
The trial court has much discretion in determining the loss of ability to earn and may consider such factors as age, education, past work history, and the effect of the injury on the employee's earning ability. DeHart v. Ideal Basic Indus.,Inc., 527 So.2d 136 (Ala.Civ.App. 1988). In arriving at its decision, the trial court must consider all the evidence, including its own observations, and interpret it according to its own best judgment. DeHart. The trial court is not bound by the opinions of expert witnesses, even if their opinions are uncontroverted. DeHart.
In reviewing the record with the attendant presumptions, we find that a reasonable view of the evidence supports the trial court's conclusion that Paschel suffered no more than a 47% permanent partial loss in her ability to earn. This is so, particularly in view of the deposition testimony of the three treating physicians.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.