L. CHARLES WRIGHT, Retired Appellate Judge.
Steven Gooch filed a complaint for workmen’s compensation benefits in the Circuit Court of Colbert County against Edward Gray Corporation, alleging that he was owed benefits for a work-related injury. Following oral proceedings, the trial court found that Gooch suffered a 35% permanent loss of his ability to earn.
Gooch appeals and asserts that his loss of ability to earn is greater than that determined by the trial court.
This ease falls within the parameters of the old workmen’s compensation law. In such a situation, this court’s review is limited to a determination of whether there is any legal evidence to support the trial court’s conclusions. If a reasonable view of that evidence supports the findings of the trial court, this court must determine whether the correct legal conclusions have been drawn therefrom. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
The record reflects that Gooch was employed by Edward Gray as a carpenter apprentice. He testified that on August 21, 1990, when he stepped onto a scaffold, it collapsed, causing him to fall approximately nine feet onto his right side. He testified that he injured his right shoulder, his arm, and his neck.
Dr. O’Brien, an orthopedic surgeon, examined Gooch. Dr. O’Brien diagnosed Gooch as suffering from an upper brachial plexus stretch injury. Dr. O’Brien found that Gooch had reached maximum medical improvement in June 1992. At that time he gave Gooch a 20% disability rating to his upper extremity and a 12% disability rating to his body as a whole. Dr. O’Brien recommended that Gooch do no climbing, no continuous overhead work, and no continuous lifting. He recommended that Gooch not return to carpentry work.
Gooch was subsequently seen by Dr. Lev-enthal. His findings were consistent with Dr. O’Brien’s findings. He determined that Gooch had a chronic pain problem and recommended that Gooch perform only light-duty work.
Gooch is 40 years of age. He graduated from high school. From 1974 to 1988 he worked as a professional musician. He testified that he sometimes made more money as a musician than as a carpenter. He has not been employed since the injury. He testified that he has played his guitar since the injury but that he is unable to do so professionally due to the weight of the guitar and the numbness in his fingers. Gooch testified that he is in chronic pain.
After the injury Gooch was diagnosed with cirrhosis of the fiver. He has been placed on a fiver transplant list. His prognosis from the cirrhosis is not good. It is undisputed that the cirrhosis is unrelated to Gooch’s employment.
Patsy Bramlett, Gooch’s vocational expert, testified that Gooch could not return to work as a carpenter or as a musician. She testified that, in her opinion, Gooch suffered a 60% vocational disability as a result of his work-related injury.
Tom Elliott, Edward Gray’s vocational expert, testified that Gooch was not capable of returning to work as a carpenter but that he could return to work as a professional musician. In his opinion, Gooch suffered a 35% vocational disability.
Both vocational experts agreed that Gooch would not be capable of any employment and would not be a candidate for any rehabilitation until, or unless, he had a fiver transplant.
The trial court has much discretion in determining one’s loss of ability to earn. It may consider such factors as age, education, past work history, and the effect of the injury on the employee’s earning ability. DeHart v. Ideal Basic Indus., Inc., 527 So.2d 136 (Ala.Civ.App.1988). In arriving at its decision, the trial court must consider all the evidence, including its own observations, and interpret it according to its own best judgment. DeHart. The trial court is not bound by the opinion of expert witnesses, even if their opinions are uncontroverted. DeHart.
In reviewing the record with the attendant presumptions, we find that a reasonable view of the evidence supports the trial court’s *48 conclusion that Gooch suffered no more than a 35% permanent loss of his ability to earn. This is so, particularly in view of the testimony of Edward Gray’s vocational expert and Gooch’s treating physician.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Code 1975.
AFFIRMED.
All the judges concur.