THOMPSON, Judge,
dissenting.
I respectfully disagree with the majority’s opinion. The trial court in a workers’ compensation case has considerable discretion in determining an employee’s loss of earning capacity and is not bound by the testimony of experts, even where that testimony is uncon-troverted. DeHart v. Ideal Basic Industries, Inc., 527 So.2d 136, 137 (Ala.Civ.App. 1988). The trial court may consider all evidence, including its own observations, and interpret that evidence according to its best judgment. Allen v. Diversified Products, 453 So.2d 1063, 1065 (Ala.Civ.App.1984).
Our standard of review as to factual findings in this matter is limited to determining whether any legal evidence exists to support the court’s findings. In this case, the neurologist treating Mrs. Lowe determined that she had a 5% disability rating in her neck and shoulder as a result of her fall at work. Ms. Lowe was also evaluated by a professional counselor who found her capable of working. The vocational expert testified at trial that she was, at that time, “restricted to non-stressful, lighi/sedentary employments.” Of significance is the vocational expert’s finding that Ms. Lowe had worked in several “skilled, light, and sedentary employments throughout her life.”
It is entirely understandable that such an injury would require a restriction to light or *429 sedentary work. I find no reason, however, for the vocational expert’s recommendation that Ms. Lowe be restricted to nonstressful work. Ms. Lowe testified that she became “very nervous” if she was required to. be somewhere at a certain time. I fail to see how this trait is related to the injury to her neck and shoulder sustained in her fall at work.
This issue was dealt with by this court in DeHart v. Ideal Basic Industries, 527 So.2d 136 (Ala.Civ.App.1988). In DeHart an orthopedic surgeon testified that part of the employee’s back pain was the result of the work-related injury and part of the back pain was the result of the natural aging process. The court in DeHart held that “in a workmen’s compensation case much discretion is reposed in the trial court in making its determination of the employee’s loss of earning capacity when the evidence is in dispute.” DeHart, 527 So.2d at 139. In its review of a case with facts similar to the one at bar in which the employee’s vocational expert assigned a 44% loss of access and ability to do jobs increasing to a 70-75% loss of earning capacity should the employee lose his job with the current employer, this court upheld the trial court’s finding of a 12.5% loss of earning capacity. Alverson v. Fontaine Fifth Wheel Co., 586 So.2d 216 (Ala.Civ.App.1991). The Alverson court reasoned that the trial court could consider all the evidence, including its own observations, and interpret that evidence according to its own best judgment. Alverson, 586 So.2d at 217.
The injury in this case occurred on September 13, 1991. Thus, the applicable standard of review on appeal is set forth in Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala.1991):
“Initially, the reviewing court will look to see if there is any legal evidence to support the trial court’s findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court’s judgment.”
The trial court found that Ms. Lowe could drive for extended periods of time, and that she could enter and exit her pick-up truck with no apparent difficulty. The trial judge found that the vocational expert had assigned a 68% vocational disability rating but noted that this rating was based upon all of Ms. Lowe’s physical problems, not just those related to her work-related injury. After a review of the record, I conclude there is sufficient evidence to support the trial court’s conclusion regarding Ms. Lowe’s loss of earning capacity; therefore, I must respectfully dissent.