This is a workmen's compensation case.
On November 7, 1979, while he was an employee of Louisiana Land Exploration Company, the claimant injured his left knee while he was at work. The company paid to the claimant scheduled member disability benefits to his left knee of twenty-five (25%) percent, and certain medical benefits.
After surgery was performed on his knee in February 1980, the claimant fell in his back yard, injuring his back. The claimant went to a Dr. Abendan and complained that he had "twisted his ankle" and fallen in his yard. *Page 914 
In March 1981 the claimant suffered another fall and went to see a Dr. Batson, complaining that he had tripped over a garden hose in his yard and reinjured his back.
In February 1981, the claimant had filed suit in Mobile County Circuit Court against Louisiana Land Exploration Company, alleging that the compensable injury to his knee had caused the subsequent injuries to his back, and that the back injury, in addition to the knee injury, had left the claimant in a condition of permanent total disability. After a convoluted legal course the case was finally decided by the trial court in April 1984. The trial court found that the back injury was not caused by the injury to the claimant's knee, and therefore was not compensable as it did not arise out of claimant's employment or in the course of it. The trial court assigned a permanent partial disability to the claimant of twenty-five percent (25%) to the body as a whole. From that final decree the claimant appeals.
In a workmen's compensation case, our scope of review as to factual matters is strictly limited to an examination of the evidence before the trial court to determine if there was any legal evidence supportive of the trial court's findings. Allenv. Diversified Products, 453 So.2d 1063 (Ala.Civ.App. 1984). If there was, we must affirm the court's judgment, as we do not consider the weight of the evidence, but only its existence.Allen, supra.
In this case, after examining the evidence, the trial court did not agree with the claimant's contention that his back injury was caused by his prior, compensable knee injury, and therefore in itself compensable.
The trial court, after considering testimony from the claimant and depositions of the claimant's doctors, found that the injury to the claimant's back did not occur in the course of nor arise out of his employment. The trial court ruled that the claimant's back injury was from other causes, specifically, his stepping into a hole and falling and his tripping over a garden hose.
The trial court may consider all evidence, including its own observations, and interpret it according to its own best judgment. Allen, supra. The record clearly reveals that there was legal evidence to support the conclusion of the trial court. The burden is upon the claimant to establish a causal connection between the work and the injury in workmen's compensation cases, Ray Motels, Inc. v. Griffin, 428 So.2d 107
(Ala.Civ.App. 1983), and the trial court did not find that burden was met in this case. The court cannot rely on speculation, conjecture or surmise in determining that an injury arose out of an on-the-job accident. Ray Motels, supra.
The claimant also contests the amount of disability assigned by the trial court to the claimant. The trial court is not bound by expert testimony indicating the degree of claimant's bodily disability. Allen, supra. A trial court may make a finding of a permanent percentage of disability without expert medical testimony. Bankhead Forest Industries, Inc. v. Lovett,423 So.2d 899 (Ala.Civ.App. 1982). We cannot find that the trial court erred in its determination of disability.
This case is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.