HOLMES, Judge.
This is a workmen’s compensation case which presents a question of first impression to this court.
The employer appeals the amended judgment of the trial court by which it awarded compensation benefits of $68 per week for 500 weeks. We reverse.
The employee died in the line and scope of his employment, and his parents, who were determined to be his partial dependents, filed the present suit to recover workmen’s compensation benefits.
The trial court, following an ore terms hearing, entered an order in which it found that the parents had received $75 per week from the employee. Based upon this finding, the trial court awarded the parents compensation of $37.85 for 500 weeks, pursuant to the statutory formula set forth in Ala.Code (1975), § 25-5-68.
The parents filed a motion to alter or amend the judgment, alleging that the trial court had incorrectly determined the amount of their weekly income. The trial court then withdrew its original judgment and entered an amended judgment in which it found that the employee had contributed $68, rather than $75, to his parents’ weekly income. The court concluded that, based upon this amended finding and pursuant to Ala.Code (1975), § 25-5-60, the parents were entitled to compensation of $68 per week for 500 weeks.
The employer argues that the learned and distinguished trial judge erred in amending the judgment because he did so based solely upon his desire to enable the parents to receive greater compensation under the terms of § 25-5-60 and not because he determined that $68 was the most accurate figure based upon the evidence. We agree.
In its amended judgment, the trial court actually states the reason for its amended finding that the employee contributed $68 weekly to his parents, rather than $75. The court states:
“The court specifically amended its prior finding of facts to allow the [parents] to take advantage of the language of [§ 25-5-60], which states that if the income loss of said partial dependents by such death is less than the minimum weekly compensation stated in § 25-5-68, then the dependents shall receive the full amount of their income loss.”
It appears that under § 25-5-68 the minimum weekly compensation is $69. Because the trial court had originally found that the employee contributed $75 per week to his parents’ income and because this sum exceeded the $69 statutory minimum, the trial court could award the parents only the amount determined by the formula of § 25-5-68, $37.85. By amending its finding to reduce the amount of the employee’s contribution by just $7 to $68 ($1 below the statutory minimum), the trial court realized it could enable the parents to take advantage of § 25-5-60 and receive $68 per week compensation, rather than merely $37.85. It is obvious that such realization was the basis for the amendment because the trial court’s order states that it was.
When a trial court sits without a jury, it is the trier of fact. It must in such a case consider all the evidence and determine *400 what are the true facts. In a workmen’s compensation case, the trial court should consider all the evidence, including its own observations, and interpret it according to its own best judgment. Houston v. Louisiana Land Exploration Co., 459 So.2d 912 (Ala.Civ.App.1984).
In amending its judgment it is apparent from the trial court’s own statements that it did not determine that $68 was in its best judgment the true, or most likely, amount the evidence showed the employee had contributed to his parents each week. Rather, the court, regardless of what the evidence showed was the most likely amount of the weekly contribution, set the figure at $68 because of its desire to enable the parents to receive more compensation pursuant to § 25-5-60. In so doing, the trial court exceeded the scope of its duties and authority. We say this even though at trial there was testimony that the employee’s contributions ranged from approximately $30 to $100 per week.
Although the workmen’s compensation law should be liberally construed to effect its beneficent purposes, it should not be given a construction extending beyond its legitimate scope. Ex parte Beaver Valley Corp., 477 So.2d 408 (Ala.1985). Here the trial court impermissibly extended § 25-5-60 by using it as the basis or justification for making a finding of fact as to the amount of the employee’s contribution, rather than making that finding upon the evidence.
We realize that our review in workmen’s compensation cases is by way of certiorari and that under certiorari our review is a very narrow one. If there is any legal evidence to support the trial court’s findings and conclusions, this court must ordinarily affirm. Valley Steel Construction v. Prater, 479 So.2d 1259 (Ala.Civ.App.1985); Padgett v. International Paper Co., 470 So.2d 1287 (Ala.Civ.App.1985). We must reverse in this case, however, because the trial court based its amended finding and subsequent award not upon its best assessment of the evidence but upon its desire to enable the parents to receive greater compensation under § 25-5-60.
The above being dispositive of the issue on appeal, this case is due to be reversed and remanded for entry of a judgment not inconsistent with the above.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.