EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a workmen’s compensation case which was brought by parents who were partially dependent upon their son who died as a result of an injury on his job. It was previously before us on appeal. W.S. *14 Newell, Inc. v. Thurmond, 481 So.2d 398 (Ala.Civ.App.1985).
After remand, the trial court rendered a judgment in which it found that the deceased son of the plaintiffs drowned in the line and scope of his employment with the defendant employer, that no persons were totally dependent upon the deceased at the time of his death, that the deceased was earning average weekly wages of $134 per week when he drowned, that his parents were partial dependents of the deceased, that the parents’ weekly income was $102 per week and that the deceased contributed $75 per week to the support of his parents. The trial court determined that the weekly compensation to be paid to the parents by the employer amounted to $37.85. The parents timely appealed.
In computing the weekly compensation to be paid to the parents, the trial court added to their income of $102 per week the $75 weekly contribution by the deceased son, giving the parents a total weekly income of $177. The parents contend that only the $102 per week should have been considered in determining their total income for compensation purposes. Judge James O. Haley in examples contained in his 1982 treatise, Handbook on Alabama’s Workmen’s Compensation, at pages 106 and 107, adds the deceased employee’s contributions to a partial dependent’s income to ascertain the dependent’s total income. We find np error as to that issue.
The parents' other contention is that the trial court erred in awarding to them only $37.85 per week as benefits. They argue that they are entitled to receive the minimum weekly compensation of $69 per week. That amount was the minimum weekly compensation that was in effect when the son drowned.
As to minimum weekly compensation, the workmen’s compensation statute expressly provides as follows:
“The compensation payable to partial dependents shall be subject to a maximum and minimum weekly compensation as stated in section 25-5-68, but if the income loss of said partial dependents by such death is less than the minimum weekly compensation stated in section 25-5-68, then the dependents shall receive the full amount of their income loss. This compensation shall be paid during dependency, not exceeding 500 weeks.”
§ 25-5-60(2), Code 1975.
The following is directly concerned with partial dependents in workmen’s compensation death cases.
“Another situation could be if there were no total dependents to receive benefits. The partial dependents would be entitled to receive the proportion of the benefits provided for total dependents which the average amount of the earnings regularly contributed by the deceased person to such partial dependent, at and for a reasonable time immediately prior to the injury, bore to the total income of the dependent during the same time. The compensation payable shall be subject to the maximum and minimum weekly compensation as stated in § 25-5-68, Code of Alabama 1975, as last amended, but if the income loss of said partial dependent by such death is less than the minimum weekly compensation as stated in § 25-5-68, then the dependents shall receive the full amount of their income loss.”
J. Haley, Handbook on Alabama’s Workmen’s Compensation Law, at 107 (1982).
The various alternatives regarding the amount of compensation death benefits for partial dependents have been succinctly summarized and stated as follows:
“Partial dependents receive compensation that is proportional; one compares the average amount of earnings regularly contributed by the deceased to the total income of the dependent. There is an additional computation to be made in case of a total dependent and one or more partial dependents. Again, compensation to partial dependents is subject to the maximum and minimum weekly compensation amounts calculated with the average weekly wage (never less *15 than 25 percent and never more than 66⅜ percent). If the income loss to partial dependents is less than the minimum weekly compensation, however, the partial dependents are entitled to receive the full amount of their income loss.
“Compensation paid due to the death of an employee ceases upon death or marriage of a dependent.
“The basic formula for computing death benefits in the case of one dependent is as follows:
“(a) WB possible = AWE (time of injury) X 50 percent
“(b) Percent dependency = [ (Average amount contributed to dependent for reasonable time) -f- (Total income of dependent for reasonable time) ] x 100
“(c) WB payable = WB possible x percentage dependency (If totally dependent, either by law or fact, use 100 percent)
“1. If WB payable is more than the maximum weekly compensation, use the maximum weekly compensation for the WB payable to the dependent for the period, but not to exceed 500 weeks.
“2. If WB payable is less than the maximum weekly compensation, but more than the minimum weekly compensation, use WB payable for the period, but not to exceed 500 weeks.
“3. If WB payable is less than the minimum weekly compensation and the income loss to a partial dependent, or if the AWE (time of injury) in the case of a total dependent is more than the minimum weekly compensation, use the minimum weekly compensation as the WB payable to the dependent for the period, but not to exceed 500 weeks.
“4. If the income loss to the partial dependent or if the AWE (time or injury) in the case of a total dependent is less than the minimum weekly compensation, use the income loss to the partial dependent or the AWE (time of injury) in the case of a total dependent as the WB payable for the period, but not to exceed 500 weeks.”
J. Hood, B. Hardy and E. Saad, Alabama Workmen’s Compensation, § 10-16, at 91-92 (1982). (footnotes omitted)
Here, the trial court computed the weekly benefits payable to be $37.85 and ordered that amount paid weekly to the parents. However, since that figure is less than the minimum weekly compensation of $69 and since the income loss of $75 per week to the partially dependent parents was more than the minimum weekly compensation, alternative number 3 in the Hood treatise applies, and the minimum weekly compensation is the weekly benefit which is payable to the parents by the employer. The learned trial court incorrectly established the amount of weekly compensation payable to the parents, which should have been the minimum compensation of $69 per week instead of $37.85 per week.
We realize that the learned trial court, in good faith attempted to follow the mandate of this court upon remand. However, no issue was raised in this court in the first appeal as to the matters which have been argued and decided on the present appeal. In the first appeal a question was presented concerning whether or not the trial court erred in basing its findings upon its desire to enable the parents to receive a larger award, rather than upon the trial court’s best assessment of the evidence, and our prior opinion responded to that issue. In the present appeal, we are concerned with whether alternative number 3 from the Hood treatise is applicable.
This case must be reversed and remanded for the entry of a judgment which is consistent with this opinion.
The foregoing opinion was prepared by Retired Circuit Judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the majority of the court.
REVERSED AND REMANDED.
*16 WRIGHT, P.J., and BRADLEY, J., concur.
HOLMES, J., dissents.