HOLMES, Judge
(dissenting).
I agree with the majority that the amount the deceased contributed to the plaintiffs’ weekly income must be included in determining the plaintiffs’ total weekly income for purposes of workmen’s compensation. I disagree, however, with the majority’s conclusion that the plaintiffs are entitled to the statutory minimum weekly compensation, and I therefore respectfully dissent.
Whether the plaintiffs are entitled to the statutory minimum compensation under the facts of this case or to some lesser sum appears to be purely a matter of statutory interpretation. We are cited to no case in which an Alabama appellate court has dealt with this issue. It is apparently a question of first impression.
Alabama Code (1975), § 25-5-60(2) provides that the compensation payable to partial dependents in the case of death “shall be subject to a ... minimum weekly compensation as stated in section 25-5-68.” Thus, the extent to which the compensation payable to a partial dependent by reason of death may be subject to the minimum weekly compensation is governed more specifically by Ala.Code (1975), § 25-5-68.
Paragraph (b) of § 25-5-68 provides:
“With respect to injury or death resulting from an accident occurring on or after July 1,1976, the compensation paid under this article shall be not less than, except as otherwise provided in this article, 25 percent of the average weekly wage of the state as determined by the director of industrial relations ... and, in any event, no more than 66% percent of such average weekly wage.”
(emphasis supplied).
But for the above-emphasized language, one might easily conclude that the statutory minimum applies to all workmen’s compensation claims payable by reason of death. Such, in effect, is the implied conclusion of the majority. It is my opinion that the exempting language of § 25-5-68(b) precludes such a conclusion.
I agree with the employer that the compensation payable to a partial dependent due to death, as provided by Ala.Code (1975), § 25-5-60(l)d. is an instance where the compensation payable by reason of death is “otherwise provided” and § 25-5-68(b) does not govern. Section 25-5-60(l)d. provides in pertinent part:
“Partial dependents shall be entitled to receive only that proportion of the benefits provided for total dependents which the average amount of the earnings regularly contributed by the deceased employee to such partial dependent, at and for a reasonable time immediately prior to the injury, bore to the total income of the dependent during the same time.”
Under § 25-5-60(l)d. partial dependents, such as the plaintiffs, are not in all cases entitled to the statutory minimum compensation provided by § 25-5-68(b). Rather, they are entitled only to that proportion of the benefits provided for total dependents which the average amount of the earnings regularly contributed by the deceased bore to their total income. Applying this statutory mandate to the facts of the instant case requires the conclusion that plaintiffs are not entitled to the statutory minimum compensation of $69, but to $37.85.
It is an understatement to say that certain portions of the workmen’s compensation statutes of this state are confusing. Moreover, they may at times appear to require an illogical result. An argument can certainly be made that it is not logical for the partial dependents in this case not to receive the statutory minimum compensation. Nevertheless, in my opinion the better, and perhaps the mandated, interpretation of the workmen’s compensation statutes is one which gives effect to the exempting language of § 25-5-68(b), rather than ignoring it as apparently does the majority opinion.
It is interesting to note, moreover, that when this case was before this court on the prior appeal, the plaintiffs never raised as *17 an issue their alleged entitlement to the statutory minimum compensation under § 25-5-68(b). It is also interesting to note that the learned and distinguished trial judge on prior remand attempted to follow what we implied in the first appeal of this case. One might now conclude that we did not really mean what was said and implied in W.S. Newell, Inc. v. Thurmond, 481 So.2d 398 (Ala.Civ.App.1985).
In any event, I would affirm the decision of the trial court.