The employee, Winston Renfroe, filed a claim against his employer pursuant to the Alabama Workmen's Compensation Act. After an ore tenus proceeding the trial court found that on December 8, 1986, the employee was accidentally injured in the line and scope of his employment and was due certain benefits. The trial court specifically found, however, that a subsequent injury on December 29, 1986, was not compensable in that the employee failed to meet the burden of proving that the second injury was a direct result of the first compensable injury. The employee appeals.
The dispositive issue on appeal is whether there is any evidence to support the trial court's conclusion that the employee failed to meet his burden of proof. In other words, does the evidence reveal that the employee failed to establish the causal connection between the initial, compensable injury and the subsequent injury for which additional benefits are sought?
At the outset, we note that in a workmen's compensation case, our scope of review as to factual matters is strictly limited to an examination of the evidence before the trial court to determine if there is any legal evidence supportive of the trial court's findings. Houston v. Louisiana Land ExplorationCo., 459 So.2d 912 (Ala.Civ.App. 1984). If there was, we must affirm the trial court's judgment, as we do not consider the weight of the evidence, but only its existence. Houston, supra.
Further, it is well established that, under general workmen's compensation law, an injury which occurs subsequent to an original, compensable injury is itself compensable if it is the direct and natural result of the original, compensable injury.Erwin v. Harris, 474 So.2d 1125 (Ala.Civ.App. 1985). However, the burden is on the employee to establish the causal connection between the initial, compensable injury and the subsequent injury for which additional benefits are sought.Erwin, supra.
The facts here reveal that the employee suffered an on-the-job injury on December 8, 1986. The employee testified that he bent down to pick up a hand truck and felt a sharp pain in his lower back. The next day the employee was examined by an orthopedic surgeon, who testified that the employee was complaining of lower back pain and radiation of pain in his left hip. The doctor testified that the employee had a limited range of motion in his lumbar spine area, but that his neurological examination was essentially normal. He stated that the complaints by the employee, as well as his examination of him, were consistent with a "lumbar strain" and not necessarily a "herniated nucleus pulposus." The doctor further testified that the employee returned one week later and said he was somewhat better.
On December 30, 1986, the employee again saw the doctor. The doctor testified that the employee stated that he had been doing better until approximately one day before this visit, when he stepped into a hole in his pasture and twisted his lower back. After subsequent visits and further tests, the doctor stated that the employee was suffering from a herniation of certain discs (herniated nucleus pulposus), which ultimately required two operations.
As noted above, the 'trial court found that the employee's second accident (stepping into the hole) and resulting injuries were not compensable. After examining the evidence, the trial court did not agree with the employee that his second injury was caused by his prior December 8 compensable back injury. Instead, the trial court concluded that the employee suffered only a strain or sprain to his back as a result of lifting the hand truck. The trial court consequently awarded benefits.
Clearly, the trial court may consider all of the evidence, including its own observations, and interpret it according to its own best judgment. Houston, supra. Here, the trial court concluded that the employee failed to meet his burden of proving a causal connection, and in view of our limited standard of review, we have no alternative but to affirm. The trial court *Page 63 
cannot rely on speculation, conjecture, or surmise that the second injury arose out of his compensable accident of December 8, 1986. In order for a claimant to meet his burden of proof, it appears to this court that he would need to present some evidence that his second accident was a natural consequence of the original compensable injury. See, Erwin, supra; see alsoDay v. Zenith Paper Stock Rag Co., 270 Minn. 420,134 N.W.2d 4 (1965). Such evidence could be that his first compensable injury caused him to be in a weakened condition so as to contribute to the later fall or injury. See, Erwin, supra,citing Carabetta v. Industrial Comm'n, 12 Ariz. App. 239,469 P.2d 473 (1970).
 "As the Minnesota court said in Day, it is not the situs of the second injury (i.e., either the place where the accident occurred or the physical location of the injury) that is controlling, but rather whether the subsequent injury was a natural consequence of a prior compensable injury."
Erwin, supra, at 1128, citing Day, supra.
We point out that the only case cited by the employee isErwin, supra. There the employee had a compensable injury to his knee with a subsequent injury to that same knee. However, the doctor testified that he had no doubt in his mind that the employee's subsequent injury was related to his compensable injury. He stated that the second knee injury was caused by the weakness of the muscles and the residual instability of the knee following the original injury. The trial court then made a specific finding that the employee's knee injury was a contributing factor in the employee's subsequent fall. Nevertheless, the trial court denied any benefits relating to the subsequent injury. On appeal this court reversed. However, we did not substitute our judgment or reweigh the facts before the trial court. Instead, we found that the trial court incorrectly applied the law to its own findings of facts. Clearly, such is not the case here and, as stated above, where the trial court's findings are supported by any evidence, we must affirm.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.