ROBERT P. BRADLEY, Retired Appellate Judge.
This is a workmen’s compensation case.
On May 23, 1989 Lavonia C. Knighten filed a complaint against The Hay Loft (employer) and Hay Loft owners Gregory and Virginia Bratcher. Knighten sought workmen’s compensation benefits for an injury to her back which she allegedly suffered in the course of her duties for the employer.
On October 10, 1989 the employer filed a motion to dismiss; this motion was denied on November 1, 1989. The matter was tried ore tenus on October 17, 1990 and the trial court entered judgment for the employer on December 20, 1990. The trial court found that, while Knighten apparently did suffer from a back injury, such injury did not occur in the course of her employment. Knighten filed a notice of appeal on February 7, 1991.
*15 The single issue raised by Knighten is whether the trial court erred in finding that her back injury did not arise from her employment.
It is well settled that the employee bears the burden of proving that her accident and injury arose out of her employment. Ex parte Patterson, 561 So.2d 236 (Ala.1990). Where the evidence is in conflict, the trial court may interpret this evidence according to its own best judgment. Renfro v. Gold Kist, Inc., 559 So.2d 61 (Ala.Civ.App.1990). Our review of this issue is limited to whether there is any legal evidence to support the trial court’s findings and whether a reasonable view of this evidence could validate the trial court’s judgment. Ex parte Eastwood Foods, 575 So.2d 91 (Ala.1991).
In its order, the trial court noted that benefits are available under Alabama workmen’s compensation only when the worker’s injury arises out of and in the course of his employment. Section 25-5-51, Code 1975. The trial court further noted that to qualify for compensation Knighten was required to prove both that (1) the accident arose in the course of employment and (2) the accident was the actual cause of the injury for which compensation was sought. Hammons v. Roses Stores, Inc., 547 So.2d 883 (Ala.Civ.App.1989). The trial court found that the weight of testimony at trial did not show that Knighten’s injury arose out of and in the course of her work.
The record shows that the employer is a manufacturer of architectural woodwork, such as cabinets and doors. At the time of the alleged accident, Knighten’s job primarily involved filing and cleaning the edges of doors. Knighten testified that on March 28,1989 she bent over to lift a wooden door and “messed up” her back, but continued to work for the rest of the day. Knighten testified that she immediately informed her supervisor of the injury to her back. Knighten then testified that on the night of March 28 she was sitting on the sofa in her home and hurt her back as she tried to stand up. Knighten did not return to work for two weeks.
A co-worker who visited Knighten during this two-week period testified at trial that Knighten told her the injury occurred at home. Knighten’s supervisor testified that she never informed him of her injury on the day it allegedly occurred and that he first learned of the injury more than a week later. The supervisor further testified that Knighten never told him that her injury was work-related and did not mention any occurrence of pain after she returned to work. Knighten’s husband gave testimony concerning a telephone conversation he had with Gregory Bratcher. During this conversation the husband told Bratcher that Knighten would not be in to work because she had hurt her back while trying to rise from the couch.
In view of the testimony given at trial, we cannot say that the trial court’s judgment was unsupported by evidence. Moreover, a reasonable view of this evidence substantiates the trial court’s finding that Knighten’s injury did not occur in the course of her employment. Our limited standard of review thus requires us to uphold the findings of the trial court.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.