Rebecca Clark Simpson sued for workmen's compensation benefits from Dallas Selma Community Action Agency based on an injury that occurred on June 18, 1987,[1] to her left hand and arm. She claimed permanent total disability as a result of that injury. Following a bench trial, the court entered a judgment in Simpson's favor, awarding her compensation pursuant to Ala. Code 1975, § 25-5-57(a)(3)a. 13. for the loss of the use of her left arm (her dominant hand) for 222 weeks. Because more than 222 weeks had passed, the trial court awarded Simpson a lump-sum payment of $19,833.48, out of which $2,975.02 was designated as an attorney fee. The court was unwilling to assign a higher disability or permanent disability rating because of Simpson's refusal to undergo recommended surgery. The trial court's order instructed the Agency to pay all reasonable, future medical expenses incurred by Simpson for the treatment of her hand, including the recommended surgery. Further, the trial court would review her status if she elected to have the recommended surgery within one year from the judgment date. Simpson appeals and the Agency cross appeals.
Simpson was approximately 37 years old at the time of the accident. She had a 10th-grade education. Although she had no formal vocational or technical training, she did have on-the-job training as a mechanic. Simpson worked for the Agency as a bus driver approximately 20 to 25 hours per week, earning $3.35 per hour. She also worked 25 to 30 hours a week at another job as a mechanic's helper.
Simpson's left hand was caught in the latch of a van door. Initially, her injury was diagnosed as a problem with her "trigger finger release." Surgery was performed to correct that problem; however, after surgery she lost feeling in her ring finger and little finger. Dr. Victoria Maesar performed a nerve graft on her left hand to replace the injured nerve. That operation returned feeling to her fingers. However, Simpson's problem then was due to the pain in her hand where the nerve graft took place. Dr. Maesar recommended a third surgery: umbilical vein wrapping. He predicted that this surgery had a 90 percent likelihood of success in reducing Simpson's pain. Simpson initially agreed to the surgery, but later decided against having it. Simpson is unable to use *Page 1362 
her left hand because of the pain that she suffers.
Simpson argues that the trial court erred in finding that she had sustained only a scheduled injury to her left arm and that she was not permanently and totally disabled and in holding that she was not due temporary total disability benefits. The Agency contends on cross appeal that Simpson failed to prove that her accident at the Agency is the medical cause of her present condition; that the Agency is entitled to suspend benefits pending the performance of recommended surgery; that the trial court erred in computing Simpson's average weekly wage; and that the trial court erred in calculating the benefits due Simpson.
The standard of appellate review in workmen's compensation cases is a two-step process. This court must first look to see if there is any legal evidence to support the trial court's finding. If such evidence is found, then we must determine whether a reasonable view of that evidence supports the trial court's judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91
(Ala. 1991). The Alabama Supreme Court has recently held: "Where one reasonable view of the evidence supports the trial court's judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome." Ex parte Veazey, 637 So.2d 1348
(Ala. 1993).
Simpson first contends that the trial court erred in failing to find that her injury was to her body as a whole. The undisputed evidence revealed that the injury to Simpson's left, dominant, hand caused her extreme pain. She cannot use her left hand to grip or lift any object. As a result, she has a 99 to 100 percent loss of access to the labor market and she was given a 100 percent vocational disability rating. The reasonableness or unreasonableness of an employee's refusal to undergo further treatment is a question for the trier of fact.Beatrice Foods Co. v. Gray, 431 So.2d 1299 (Ala.Civ.App. 1983). We are concerned with whether a reasonable view of the evidence will support the trial court's finding. Ex parteVeazey. In order to sustain a finding as to the extent of disability, the trial court must consider all the evidence, including its own observations, and interpret it according to its best judgment. Goodyear Tire Rubber Co. v. Greene,426 So.2d 851 (Ala.Civ.App. 1983). We conclude that there was evidence to support the trial court's finding.
Next, Simpson contends that she is permanently and totally disabled within the meaning of the Workmen's Compensation Act. Simpson argues that because of her permanent physical impairment, she is unable to perform the work of her former trades, and that that physical impairment, coupled with the fact that she is functionally illiterate, renders her unable to obtain any reasonable employment. She also argues that the trial court erred in failing to grant her temporary total disability benefits from the date of the accident.
Simpson's left hand continues to cause her pain. She has an I.Q. of 71. According to one expert's testimony, Simpson, by virtue of her injury, has lost access to 100 percent of the jobs once available to her in the Alabama labor market. Simpson's doctor, Dr. Maesar, testified that Simpson had a permanent physical impairment of four percent to her hand and two percent to the body as a whole.
The trial court refused to find Simpson totally disabled and refused to allow temporary total disability benefits, because of her refusal to undergo the recommended surgery. The trial court found that it was reasonable for Simpson to undergo the recommended surgery, given the high likelihood of success and given the fact that without that surgery she has virtually no use of her hand. After reviewing the evidence, we hold that it was reasonable for the trial court to refuse to assign permanent and total disability.
On cross appeal the Agency argues that Simpson failed to prove that her accident was the medical cause of her present condition. The claimant in a workmen's compensation case must prove the existence of both legal and medical causation before employment can be said to have caused the injury. Fordham v.Southern Phenix Textiles, Inc., 387 So.2d 204 (Ala.Civ.App.), cert. denied, 387 So.2d 206 (Ala. 1980). Medical *Page 1363 
causation requires a showing that "the exertion or strain or exposure to conditions was, in fact, a contributing cause of [the employee's] injury." Id. at 205. Also, our Supreme Court has determined that the test for medical causation "must be determined on a case-by-case basis" and that "the trial court is authorized to draw any reasonable inferences from the evidence." Ex parte Price, 555 So.2d 1060, 1062 (Ala. 1989).
Dr. Maesar testified that the accident caused swelling in Simpson's tendons in her left hand, which caused a problem with her "trigger finger release." Dr. Maesar also testified, to a reasonable decree of medical certainty, that the trigger finger release surgery caused the nerve in her hand to be severed, which, in turn, made the nerve graft surgery necessary. There was evidence from which the trial court could find medical causation.
Next, the Agency contends that benefits awarded Simpson are due to be suspended pending the recommended surgery. We agree. Ala. Code 1975, § 25-5-77(b), provided:
 "If the injured employee refuses to comply with any reasonable request for examination, or refuses to accept the medical service or physical rehabilitation, which the employer elects to furnish under the provisions of this chapter, his right to compensation shall be suspended and no compensation shall be payable for the period of the refusal. . . ."
This "reasonableness" standard has been held to mean, where surgery is involved, that there must be some reasonable expectation that the employee's condition will improve as a result of having the surgery performed, and that the surgery will be reasonably danger-free. Wiley Sanders Truck Lines,Inc., v. McLain, 591 So.2d 527 (Ala.Civ.App. 1991). The reasonableness or unreasonableness of the employee's refusal to undergo the operation is a question for the trier of fact, the trial court in this case. Beatrice Foods Co., supra.
There was evidence to indicate a reasonable expectation that surgery would improve Simpson's condition. The trial court stated in its order, "The Court finds it reasonable for [Simpson] to undergo this surgery since she has no use of her hand and arm now. According to the doctor's testimony the surgery would certainly do her no harm." Given the trial court's determination that the surgery was reasonable, and the testimony that supports that determination, we conclude that the trial court erred in not suspending Simpson's benefits until she undergoes the recommended surgery. Ala. Code 1975, § 25-5-77(b). However, we note that Simpson's injury occurred in April 1987 and that the surgery in question was recommended in April 1992. Simpson was entitled to benefits until the time that the surgery was recommended. Mike Makemson Logging v.Colburn, 600 So.2d 1049 (Ala.Civ.App. 1992).
Next, the Agency contends on cross appeal that the trial court erred in computing Simpson's average weekly wage, and the Agency states that, although Simpson worked only part-time at the Agency, the wages were calculated on a full-time basis. The trial court stated in its order that because Simpson's employment was part-time, it would not be fair to her for the court to accept the amount of her actual wages as the figure to be used in computing her compensation benefits, and it applied Simpson's hourly rate to a 40-hour week. However, evidence revealed that Simpson worked between 20 and 25 hours per week at the Agency.
The determination of average weekly earnings is governed by Ala. Code 1975, § 25-5-57(b), wherein the computation methods are set forth:
 "Average weekly earnings shall mean the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of 52 weeks immediately preceding the date of the injury divided by 52. . . ."
Statutory formulas for computing the average weekly earnings are mandatory. Orkin Exterminating Co. v. Williams,389 So.2d 935 (Ala.Civ.App. 1980). The plain language of § 25-5-57(b) indicates that the legislature intended the award of benefits to be *Page 1364 
based on the employment at the time of the injury. At the time of the injury, Simpson was employed part-time with the Agency. The trial court erred in basing its calculations on full-time employment.
The Agency contends that the trial court erred in failing to give credit against the award of scheduled benefits for 160 weeks of temporary total benefits paid by the Agency. We disagree. Such credit is not provided for under Ala. Code 1975, § 25-5-57(a)(3)b.:
 "b. Successive or Concurrent Temporary Total and Permanent Partial Disabilities Resulting from Same Injury. — When a permanent partial disability, the number of weeks compensation for which is scheduled in subdivision (a)(3) of this section, follows or accompanies a period of temporary total disability resulting from the same injury, the number of weeks of such temporary total disability shall not be deducted from the number of weeks payable for such permanent partial disability."
The trial court did not err in failing to give credit for the payment of temporary total disability benefits.
The judgment of the trial court is due to be affirmed in part and reversed in part, and the cause is remanded to the trial court for entry of an order consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.
[1] We note that because of the date of the injury, the Workmen's Compensation Act, as it read before the amendments of May 19, 1992, is controlling. References will be to the pre-May 19, 1992, version of that act.