MONROE, Judge,
dissenting.
Because I would affirm the judgment of the trial court, I. must respectfully dissent.
Our standard of reviéw in this case is limited. First, we must determine whether there is any legal evidence to support the trial court’s findings. If such evidence exists, this court must then determine whether a reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). ‘Where one reasonable view of the evidence supports the trial court’s judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome.” Ex parte Veazey, 637 So.2d 1348, 1349 (Ala.1993).
Under workers’ compensation law, “an injury which occurs subsequent to an original, compensable injury is itself compensable if it is the direct and natural result of the original, compensable injury.” Renfroe v. Gold Kist, Inc., 559 So.2d 61, 62 (Ala.Civ.App.1990) (emphasis added). Benton has the burden of establishing the causal connection between the initial injury and the subsequent injury. Id.
In Renfroe, the employee injured his lower back in an on-the-job injury on December 8, *498 1986. The employee’s condition steadily improved until December 29, 1986, when he stepped in a hole and twisted his lower back. This court affirmed the trial court’s finding that the second injury was not caused by Renfroe’s first, work-related injury, and, therefore, held that the second injury was not compensable. .. In explaining how the employee could show that the second accident was a natural consequence of the first accident, this court said the employee could present. evidence that “his first compensable injury caused him to be in a weakened condition so as to contribute to the later fall or injury.” Id. at 63.
In the case relied upon by the trial court in reaching its judgment in the present case, Erwin v. Harris, 474 So.2d 1125 (Ala.Civ.App.1985), this court reversed the judgment of the trial court because the evidence showed, and indeed the trial court found, that the claimant’s first knee injury, which was compensable, had left his knee in such a weakened state that it caused him to fall and thereby incur further injury to. the knee.
There is no evidence that Benton’s initial back injury in any way contributed to the automobile accident that resulted in the subsequent injury five years later, or that the automobile accident was a natural consequence of Benton’s back injury. There is no evidence that his driving was impaired by the first injury. In fact, Benton’s own testimony is that he had been without pain for more than a year before the automobile accident.
The trial court found that, but for the automobile accident, Benton would not have needed the back surgery required after the accident. Evidence in the record shows that, but for that accident, the fusion mass would not have fractured.
The court also found that Benton had failed to establish a causal connection between the initial compensable injury and the injury he received in the automobile accident. Although Benton’s first injury may have left him more susceptible to back injuries, Winn-Dixie should not be held responsible for those injuries that were not caused by his back condition. One view of the evidence presented supports the finding that Benton’s first back injury did not cause the automobile accident that resulted in his second injury.
There is evidence to support the trial court’s holding that Benton failed to establish a causal connection between the first injury and the subsequent accident, and one reasonable view of that evidence supports the judgment. Therefore the judgment of the trial court must be affirmed. Because I would affirm the judgment, I must respectfully dissent.