THOMPSON, Judge,
dissenting.
The trial court stated the following in its order:
“It is undisputed that the first on-the-job injury on March 16, 1996, did not cause the second accident of May 12, 1997. However, Dr. Horn testified that as a result of the fact that her arm had been previously broken, the second accident may have resulted in more serious consequences than it might have otherwise. The primary issue for this Court is to determine whether the Plaintiff has established a causal connection between the initial, compensable, injury and the subsequent injury from which the Plaintiffs restrictions and additional impairment arose. Erwin v. Harris, 474 So.2d 1125 (Ala.Civ.App.1985); Renfroe v. Gold Kist, Inc., 559 So.2d 61 (Ala.Civ. App.1990). It is not the effect of the second injury but the question of whether or not the second injury was caused by the first injury which resolves this question for the Court. Here, the Plaintiff admitted in her testimony that the second accident was not caused by the first injury, although she contends the second injury had more serious consequences because her arm had previously been broken in the compensable injury. The Court concludes that when the above rule is applied to the facts of this case, the Plaintiff has failed to establish a causal connection between the two accidents which would render the second accident which occurred at home com-pensable.
“The Court is mindful of the test for determining whether an injury to a specific body part or member should be compensated according to the schedule or as a non-scheduled injury as set out in Bell v. Driskill, 218 So.2d 806, 811 (Ala.1968). In Bell v. Dnskill the test was stated as follows:
“ ‘[A]lthough the injury itself is to only one part or member of the body, if the effect of such injury extends to other parts of the body and produces a greater or more prolonged incapacity than that which naturally results from the specific injury, or the injury causes an abnormal and unusual incapacity with respect to the member, then the employee is not limited in his recovery under workers’ compensation law to the amount allowed under the schedule for injury to the one member.’
“Since it is the Plaintiffs position that the injury to her right arm should not be treated as a scheduled injury, she bears the burden of proof on that issue. Ala. Code 1975, § 25 — 5—81(c), states that the decision of this Court ‘shall be based on a preponderance of the evidence as contained in the record of the hearing....’ This Court, therefore, finds that the Plaintiff has failed to establish by a preponderance of the evidence that this injury should be removed from the schedule provisions of the Alabama Workers’ Compensation Act. A preponderance of the evidence presented to this court, medical and otherwise, indicates that the Plaintiffs injury did not extend beyond the right arm, nor did the injury cause any disability greater than what would normally occur with such an injury. Simpson v. Dallas Selma Community Action Agency, 637 So.2d 1360 (Ala.Civ. App.1994).”
Morrow testified during proceedings at which the evidence was presented ore ten-us. A trial court’s findings of fact based on conflicting ore tenus evidence will not be disturbed on appeal unless those findings are “clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence.” American Petroleum Equip. & Const. v. Fancher, 708 So.2d 129, 132 (Ala.1997). *1167 The trial court has the opportunity to observe witnesses and their demeanors, firsthand; therefore, it is incumbent upon the trial court, not the appellate court, to weigh the evidence presented. Webb Oil Co., Inc. v. Holmes, 660 So.2d 1316 (Ala. Civ.App.1995).
Based on my review of the record, I find substantial evidence to support the judgment of the trial court. Therefore, I respectfully dissent.