L. CHARLES WRIGHT, Retired Appellate Judge.
Gloria Culver filed a complaint for workmen’s compensation benefits in the Circuit Court of Houston County against Hayes Aircraft International, alleging that she was owed benefits for a work-related injury. Following oral proceedings, the trial court found that Culver suffered a 25 percent permanent loss of her ability to earn. Culver appeals.
Culver asserts that her loss of ability to earn is greater than that determined by the trial court.
In a workmen’s compensation case, this court’s review is limited to a determination of whether there is any legal evidence to support the trial court’s conclusions. If a reasonable view of that evidence supports the findings of the trial court, this court must determine whether the correct legal conclusions have been drawn therefrom. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
The record reflects that Culver was employed by Hayes as a sheet-metal worker. Culver testified that in July 1986 she was pushing a stand when something in her back popped. She immediately reported the injury to her supervisor. She did not return to work for the following two weeks. Culver returned to work but was still experiencing pain. She testified that she had a cervical fusion in March 1987. She continued to work for Hayes, off and on, until February 1989.
Dr. James Bret Simpson, an orthopedic surgeon, testified by deposition that he began seeing Culver in July 1986 and continued to see her, off and on, until February 1989. Simpson did not perform the cervical fusion. Subsequent to the fusion, he testified that he performed numerous tests trying to find the basis for Culver’s complaints of pain. Each test produced negative results. He gave Culver a five percent permanent physical disability rating to the body as a whole based on her cervical fusion.
Dr. David Woodham, a neurosurgeon, testified that he examined Culver on two occasions in October 1987 and on one occasion in August 1991. Dr. Woodham, testifying about the results of his August 1991 examination, stated that Culver was suffering from “a pain syndrome and that there was no objective evidence for pain or legality of pain.” Dr. Woodham gave Culver a permanent physical disability rating of zero.
Culver initially visited Dr. J.C. Serrato, an orthopedic surgeon, in March 1990 complaining that she was still experiencing pain. Dr. Serrato had an MRI performed which revealed a spur at the C-5, C-6 level. In his opinion, Culver had a 15 percent permanent physical disability rating.
Culver was examined by Dr. Gordon Kirschberg, a neurosurgeon, in April 1990. His testing did not reveal any abnormalities with Culver’s neck or spine. Based on the fact that she had previously had a cervical fusion, he assessed Culver with a five percent permanent physical disability rating.
Culver was considered by two vocational experts. One assessed a vocational disability rating of 59.5 percent. Another assessed a vocational disability rating of 45 percent.
Hayes hired a private investigator to investigate Culver. Two videos taken by the investigator were admitted into evidence and viewed by the trial court.
*253 Culver testified that she has been in constant pain since the accident and because of that pain she must take medication to sleep at night. She testified that she cannot do her normal household duties and that she cannot drive a car for an extended period of time. She has married since her injury and gave birth in December 1989. At the time of the hearing, the child was 20 months old and was primarily cared for by Culver.
Culver is 39 years of age and is presently unemployed. She completed high school and began working for Hayes at that time. Culver worked for Hayes for approximately 17 years. Hayes has been her only employer.
The trial court has much discretion in determining the loss-of-earning capacity and may consider such factors as age, education, past work history, and the effect of the injury on the employee’s earning ability. DeHart v. Ideal Basic Indus., Inc., 527 So.2d 136 (Ala.Civ.App.1988). In arriving at its decision, the trial court must consider all the evidence, including its own observations, and interpret it according to its own best judgment. DeHart. The trial court is not bound by the opinion of expert witnesses, even if their opinions are uncon-troverted. DeHart.
In determining that Culver sustained a 25 percent loss in her ability to earn, the trial court made the following finding:
“The Court has considered carefully the testimony exhibits and depositions introduced at Trial, and the Court has observed the Plaintiffs actions, movements and mannerisms in Court. It is the opinion of the Court that the Plaintiff earning capacity has been impaired as a result of her injury. The Court finds that the Plaintiff has suffered a Permanent Partial Disability and that Plaintiff’s ability to work and earn money or to obtain work from which she can earn money has been permanently impaired by 25 percent.”
In reviewing the record with • the attendant presumptions, we find that a reasonable view of the evidence supports the trial court’s conclusion that Culver suffered no more than a 25 percent permanent partial loss in her earning capacity. Eastwood Foods.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.