L. CHARLES WRIGHT,
Retired Appellate Judge.
Gregory Finley filed a complaint for workmen’s compensation benefits in the Circuit Court of Mobile County against Courtaulds Fibers, Inc., alleging that he was owed benefits for a work-related occupational disease. Following oral proceedings, the trial court entered an order, finding that Finley had sustained a 25% loss of earning capacity as a result of the occupational disease. Cour-taulds appeals. Finley cross-appeals.
The record reflects that at the time of the hearing, Finley was 33 years of age and had been employed by Courtaulds for 13 years. Initially, he worked as a filter stripper. In 1989 he started working as a pulp handler. His primary responsibilities as a pulp handler were to unload trucks which brought blocks of cellulose pulp into the warehouse facility and then load the pulp blocks onto conveyor belts. After the pulp was unloaded, he would clean up the pulp dust and rearrange and label the pulp blocks. Once the blocks left the warehouse area, they were taken up two floors, where they were ground into a powder. The resulting dust would fall down into the warehouse area.
During his course of employment, Finley began to experience respiratory problems. In December 1990 Finley, sought treatment from Dr. Gaeton Lorino, a pulmonary specialist. Due to the severity of Finley’s condition, Dr. Lorino admitted him to the hospital. Dr. Lorino subsequently diagnosed Finley as having reactive airways disease, or asthma. *7 Dr. Lorino testified through deposition that Finley’s work environment was not the precipitating cause of the respiratory problems. It was his opinion, however, that the dust and the fumes associated with the work environment at Courtaulds contributed to, and aggravated, Finley’s condition. There was a conflict in the evidence concerning whether Finley had suffered with childhood asthma.
In June 1992, upon the recommendation of the company doctor, Finley ceased working for Courtaulds. Dr. Lorino testified that he concurred in that recommendation and that it was in Finley’s best medical interest to quit his job.
Finley testified that at the time he stopped working for Courtaulds, he was making $11.62 per hour. Since then he has sold air time for a radio station and has done some telephone solicitations. He testified that he was not successful with either endeavor. He thinks that he is capable of working and that he would eventually be able to secure “slightly over” minimum wage employment.
Courtaulds contends that the trial court erred in finding that Finley suffered from a compensable occupational disease.
In a workmen’s compensation case, this court’s review is limited to a determination of whether there is any legal evidence to support the trial court’s conclusions. If a reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
Section 25-5-110, Code 1975, provides the conditions for recovery under the workmen’s compensation law for an occupational disease. To be occupational, the disease must be due to hazards which are (1) in excess of those ordinarily incident to employment in general and (2) different in character from those found in the general run of occupations. James River Corp. v. Mays, 572 So.2d 469 (Ala.Civ.App.1990).
The fact that an employee had a preexisting condition does not affect an award of compensation if the job combined with the preexisting condition to produce injury or death. James River Corp.
To recover benefits under this view, the claimant must prove causation or aggravation of an existing condition. An occupational disease is not compensable if it is not caused or aggravated by the nature of the employment. Ex parte Cash, 624 So.2d 576 (Ala.1993); James River Corp. Asthma has been found to be an occupational disease. Cash.
In determining that Finley had sustained an occupational disease, the trial court made the following conclusions:
“1. Both the Plaintiff and Defendant were subject to and covered by the Alabama Compensation Laws at the time of the Plaintiff’s injury.
“2. As a result of the exposure to dust and/or fumes at his place of employment, the Court finds that the Plaintiff did indeed sustain an occupational disease within the meaning of § 25-5-110, et seq. of the Code of Alabama.
“3. Specifically, the Court finds that the Plaintiff had a condition which was caused by or aggravated by his work environment, thereby becoming compensable. Chrysler Corp. v. Henley, 400 So.2d 412 (Ala.Civ.App.1981), and Ex parte Cash, 624 So.2d 576 (Ala.1993).”
The record supports the court’s findings. While the facts were in dispute as to the cause of Finley’s respiratory condition, the facts were undisputed that his condition was aggravated by the nature of his employment. We consider that the aggravation was due to hazards in excess of those ordinarily incident to employment in general and that they were peculiar to Courtaulds. We find no error with the court’s determination that Finley suffered from an occupational disease. Ex parte Cash.
Finley cross-appeals and asserts that his loss of earning capacity is greater than that determined by the trial court.
The only testimony concerning Finley’s earning capacity was that given by Finley. He contends, therefore, that the trial court *8 had no alternative but to award to him that undisputed amount.
The trial court has much discretion in determining the loss of earning capacity and may consider such factors as age, education, past work history, and the effect of the injury on the employee’s earning ability. Culver v. Hayes Aircraft Int’l, 607 So.2d 251 (Ala.Civ.App.1992). In arriving at its decision, the trial court is not bound by the opinion of expert witnesses. It may consider all the evidence, including its own observations, and interpret it according to its own best judgment. Culver.
In reviewing the record with the attendant presumptions, we find that a reasonable view of the evidence supports the court’s discretionary conclusion that Finley suffered no more than a 25% loss in his earning capacity. Ex parte Eastwood Foods.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.